MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. W. A. MITCHAM.

Decided October 16, 1909.

**1.—Discovered Peril—Evidence.**

In a suit for damages by one who was struck and injured by a locomotive while he was walking along a railroad track, evidence reviewed and held sufficient to authorize the submission of the issue of discovered peril, and to support a verdict against the defendant on said issue.

**2.—Same—Contributory Negligence.**

Contributory negligence constitutes no defense in a case of discovered peril; nor does the fact that the railroad track was properly enclosed with fences and cattle guards, where plaintiff was injured on a railroad track after his peril was discovered.

**3.—Evidence—Abandoned Pleading.**

The exclusion of an original petition when offered as evidence by a defendant in a suit for damages, is not reversible error when no material difference appears in the allegations as to the injuries in said pleading and the petition on which the case was tried.

**4.—Discovered Peril—Continued Effort to Avoid Injury—Charge.**

It is the duty of the engineer operating a locomotive to continue to use every reasonable effort to avoid injuring a person seen on a railroad track, until the danger of injury is passed; and a charge to this effect did not impose on the railroad company a greater duty than required by law.

**5.—Trial Judge—Son-in-Law as Attorney—No Disqualification—Constitutional Law.**

The fact that the son-in-law of the trial judge was the attorney for the plaintiff in a damage suit and that the fee of the son-in-law was contingent upon a recovery. would not disqualify the judge to try the suit, nor render the judgment void in that it deprived defendant of its property without due process of law, and denied defendant the equal protection of the laws as guaranteed by the 14th Amendment to the Constitution of the United States and the Constitution of this State.

ON REHEARING.

**6.—Party to Suit—Definition.**

The words "party" and "parties" when used in connection with suits or actions are technical words and apply only to him or them by or against whom a suit is brought.

Appeal from the District Court of Collin County. Tried below before Hon. J. M. Pearson.

*Garnett & Hughston,* for appellant.—The law presumes that a person walking upon a railway track is in possession of all his senses, and the engineer is entitled to act upon this presumption, and the jury trying the case should know this in order to determine when it appeared to the engineer that the man was in fact in danger. International & G. N. Ry. Co. v. Smith, 62 Texas, 254; Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 199; Houston & T. C. Ry. Co. v. O'Donnell, 15 Texas Ct. Rep., 507; Houston & T. C. Ry. Co. v. Smith,

52 Texas, 178; International & G. N. Ry. Co. v. Garcia, 75 Texas, 591; Houston & T. C. Ry. Co. v. Harvin, 54 S. W., 632; Gulf, C. & S. F. Ry. Co. v. Miller, 70 S. W., 28-29.

"The court erred in refusing to give defendant's charge No. 3, which reads as follows: 'If you find from the evidence that persons had used the track as a foot-path to such an extent that the same was known to the defendant's general agents and managers, or that it should have been known to them by the use of ordinary diligence under the circumstances, then you are instructed that while such use of the railroad track as a foot-path may relieve the person enjoying it of the imputation of being a trespasser, yet it does not relieve the place of its inherent dangers, and a person using the track as a foot-path at such place is not exempt from the duty to act with ordinary prudence for his own safety.'" Gulf, C. & S. F. Co. v. Matthews, 100 Texas, 63; International & G. N. Ry. Co. v. Ploeger, 16 Texas Ct. Rep., 185; Texas & P. Ry. Co. v. Shivers, 20 Texas Ct. Rep., 818; Ft. Worth & D. C. Ry. Co. v. Wyatt, 9 Texas Ct. Rep., 619; Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 118; Texas Midland R. Co. v. Byrd, 115 S. W., 1165.

The proof shows that plaintiff was guilty of contributory negligence as a matter of law, and there is no act of negligence shown in the record on the defendant's part, and the court erred in refusing the charge above quoted. International & G. N. Ry. Co. v. Edwards, 15 Texas Ct. Rep., 681; Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 199; Texas & P. Ry. Co. v. Breadow, 90 Texas, 31; International & G. N. Ry. Co. v. Ploeger, 16 Texas Ct. Rep., 185.

The proof shows that the plaintiff did not exercise ordinary care for his own safety, and even if he be treated as a licensee that his own contributory negligence was the proximate cause of his injury, and for this reason he can not recover. Gulf, C. & S. F. Ry. Co. v. Matthews, 100 Texas, 63; International & G. N. Ry. Co. v. Ploeger, 16 Texas Ct. Rep., 185; Texas Midland R. Co. v. Byrd, 115 S. W., 1165; Missouri, K. & T. Ry. v. Wall, 116 S. W., 1140.

The court erred in refusing the charge requested because the persons operating the train had the right to presume that a person walking in front of the train, proper signals having been given, that such person will not negligently remain upon the track, but will step aside out of the way, and it is only when they have realized that he can not or will not get out of the way that the duty of averting a collision arises. International & G. N. Ry. Co. v. Smith, 62 Texas, 254; Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 199; Houston & T. C. Ry. Co. v. O'Donnell, 15 Texas Ct. Rep., 507; Gulf, C. & S. F. Ry. Co. v. Miller, 70 S. W., 27-28.

Under the law of Texas, the contract made the recovery in the case community property between the said Merritt and his wife, and she being the daughter of the judge, the law disqualified him from trying the case. Simpson v. Brotherton, 62 Texas, 171; Hodde v. Susan, 58 Texas, 394; Bennett v. Cattle Co., 21 S. W., 127; Fidelity Mut. L. Ins. Co. v. Clark, 203 U. S., 64; Land Co. v. Howe, 22 S. W., 767; Texas Mid. Ry. Co. v. Parker, 28 Texas Civ. App., 116; Schultze v. McLeary, 73 Texas, 92.

*R. C. Merritt,* for appellee.—The proof shows that defendant's servants in charge of the train, after they discovered the peril of plaintiff (Mitcham) did not use all the means in their power consistent with the safety of the train to avoid injuring plaintiff (Mitcham). International & G. N. Ry. Co. v. Munn, 102 S. W., 442; Nacogdoches & S. E. Ry. Co. v. Beene, 106 S. W., 459; St. Louis S. W. Ry. Co. v. Jacobson, 66 S. W., 1114.

Under the law of discovered peril the fact that appellee may have been a trespasser is no defense to appellee's cause of action. Gulf, C. & S. F. Ry. Co. v. Matthews, 99 Texas, 160; International & G. N. Ry. v. Ploeger, 93 S. W., 231-722; Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 117.

The court only having submitted the issue of discovered peril, the other issues raised by the pleading became immaterial and of no consequence. Railway v. Beene, 106 S. W., 459; Texas & P. Ry. v. Breadow, 90 Texas, 30, 31; Texas & N. O. Ry. v. Scarborough, 104 S. W., 411; St. Louis & S. W. Ry. v. Jacobson, 66 S. W., 1114.

The mere fact that an attorney who is related to the trial judge within the prohibited degree has a contingent fee in the amount recovered in the suit does not make the attorney a party to the suit, and the judge is not disqualified to try the cause. Winston v. Masterson, 87 Texas, 200; Patton v. Collier, 13 Texas Civ. App., 544, 90 Texas, 115; Gulf, C. & S. F. Ry. v. White, 32 S. W., 324; Knapp & Co. v. Campbell, 14 Texas Civ. App., 199; Gulf, C. & S. F. Ry. v. Scott, 28 S. W., 458; Oriental v. Barclay, 41 S. W., 122; Gulf, C. & S. F. Ry. v. Matthews, 73 S. W., 412, 32 Texas Civ. App., 137.

BOOKHOUT, Associate Justice.—The appellee, W. A. Mitcham, sued the appellant in the District Court of Collin County for personal injuries alleged to have been received by him on the 21st day of December, 1906. He alleged, in substance, that he was walking east upon the defendant's track about one mile east of Princeton, in Collin County, and that one of the defendant's trains approached plaintiff from his rear, going in the same direction plaintiff was going, and ran against him and knocked him off the track and down an embankment. The plaintiff filed an amended petition on the 25th day of January, 1907, in which the grounds of negligence alleged were that the track was sufficiently straight for some distance for defendant's servants to have seen him; that there were no obstructions, and that they ran the engine against him with great speed and force. That defendant's track had been used by pedestrians for ten years as a footpath. That a short distance west of where plaintiff was struck a public road crossed the track, and that defendant's servants failed to sound the whistle on approaching the crossing; that if they had sounded the whistle the plaintiff would have heard the same and have left the track. That a rule of defendant required the engineer on approaching a curve to sound the whistle, and that west of the point where plaintiff was injured there were several sharp curves in the track, and that defendant's servants failed to sound the whistle or give any warning upon approaching the curves, as required by the rule. That if such signal had been given plaintiff would have heard

it and escaped injury. That if defendant had checked up the speed of the train plaintiff would have escaped injury. Plaintiff also alleged discovered peril, and if the defendant's servants had given any warning or sounded the whistle after they discovered his peril, or if they had used the means at their command to stop the train or slacken its speed, they could have prevented the injury to plaintiff. That if they had kept a proper lookout for persons on the track they could have seen plaintiff a long distance before reaching him, and could have given a signal to warn plaintiff of the approach of the train, and could have used the means at their command and averted the injury.

The defendant's answer consists of a general denial. That plaintiff was guilty of contributory negligence. That the whistle was sounded and they rang the bell on approaching the crossing of the public road with its track. That it never assented to nor acquiesced in the use of its track as a foot-path by pedestrians, and that plaintiff was a trespasser. That its track was fenced and protected by suitable fences and cattle-guards for the purpose of protecting its right of way and track from trespassers and to prevent its being used by persons and stock. That plaintiff went upon its right of way and track for some purpose unknown to defendant, and in doing so he assumed all the dangers and risks incident to being upon the track where it was customary and usual to operate trains. That parallel to its track and right of way there was a path in which he could have walked without danger, which was as convenient and practicable as the one in which he was walking when he was hurt, and that he negligently and carelessly chose the more dangerous path in preference to the safe one. That he was further guilty of contributory negligence in that he neither looked nor listened for an approaching train. That after defendant's servants saw him and realized that he might not leave the track, they used all the means in their power consistent with the safety of the train to stop it, and gave signals to warn plaintiff of same. That the injuries plaintiff received were slight and superficial, and that he was guilty of contributory negligence in caring for his wounds and treating them. The case was tried by a jury and the verdict was for $1,000. Judgment followed on the verdict and defendant perfected an appeal.

*Conclusions of fact.*—On the morning of December 21, 1906, the appellee was walking down the track of the Missouri, Kansas & Texas Railroad about one mile east of the town of Princeton, in Collin County, going east, when one of appellant's trains approached him from the rear going in the same direction and struck him, knocking him off the track and down an embankment, injuring him, from which he sustained damage in the amount of the verdict and judgment. The agents and servants of appellant operating its train which struck appellee saw appellee upon the track and discovered his peril in sufficient time, by the use of the means at hand, to have stopped and slowed up its train and to have avoided striking and injuring him, and they were guilty of negligence in failing to make use of the means at hand to stop or slow up the train. Appellee, at the time of the injury to him, did not know of the approach of the train and did not hear any signal of its approach.

*Conclusions of law.*—It is contended by appellant that the verdict is contrary to the evidence, and that there is no evidence tending to support the same. We do not agree with this contention. The appellee knew that a train passed over the track in the morning and looked and listened for a train before going on the track, not seeing or hearing a train, he concluded the early train had passed. He went upon the track and was traveling east between the rails going to get his cows when the train ran up behind him and struck him and knocked him off the track and down an embankment. The engineer operating the train saw appellee walking between the rails in the track when 200 yards from him, and whistled a road crossing. The engine was running from twelve to fifteen miles per hour and gaining speed. The engineer testified that appellee did not pay any attention to the whistle, and he then, when about thirty yards from him, gave the stock signal and then applied the brakes in emergency. It was two or three seconds after blowing the stock signal when he applied the air. He testified that the man never did look back. He did not keep blowing the whistle, although he did not have to quit blowing to apply the air. There is evidence tending to show that he did not apply the air until the engine struck appellee. The evidence was amply sufficient to authorize the submission of the issue of discovered peril.

It is argued that the evidence undisputably shows that appellee was guilty of contributory negligence in being upon the track. Appellee's contributory negligence in being on the track constitutes no defense in a case of discovered peril. The engineer saw appellee walking down the middle of the track between the rails, and that he paid no attention to the crossing signal, and did not know of the approach of the train. The engineer knew that his train was gaining speed, and he testified that he did not know whether or not at the time he attempted to stop the train he had struck appellee. (Texas & P. Ry. v. Breadow, 90 Texas, 26; Texas & P. Ry. v. Skaggs, 90 Texas, 458.)

Nor did the fact that the defendant's track was properly enclosed with fences and cattle-guards at the time and place of the injury present any defense. The only ground of recovery submitted by the court was discovered peril, and the fact that the track was properly fenced and cattle-guards erected at the place of the injury furnished no defense.

No reversible error is shown in the exclusion of that part of the original petition setting up the injuries alleged to have been sustained by plaintiff. It is not shown in what respect this pleading is pertinent to any issue in the case, or wherein the appellant has been injured by the ruling. It seems that the injuries set out in the amended petition upon which the case was tried were, in substance, the same as those in the original petition.

The sixth clause of the court's charge is assailed as erroneous. This clause reads as follows: "And that as soon as it became reasonably apparent to the engineer in charge of said engine that plaintiff would not get off the track, that said engineer in charge of said engine immediately used and continued to use such care, attention, skill and effort to stop or check up and avoid a collision with the plaintiff as

an ordinarily prudent person would have used under the same or similar circumstances." The particular part of the clause complained of is: "Continued to use such care, attention, skill and effort to stop or check up." It seems to be contended that this language imposed a greater duty on appellant than required by law. We do not concur in this contention. The engineer, upon discovering the peril of appellee, owed him the duty of using every means then within his power consistent with the safety of the engine to avoid running him down and striking him, and a failure to perform this duty would render appellant liable. Such duty continues until the danger of collision is passed. The charge did not impose upon appellant any greater duty than the law required.

Error is assigned to the court's failure to give appellant's requested charges Nos. 8 and 2, as follows: (8) "You are instructed that it is not incumbent upon the engineer in charge of a train to make any effort to stop the train until it reasonably appears to him that such person does not intend to leave the track in time to avoid danger, and if you find from the evidence that plaintiff was struck and hit by the defendant's train and was thereby injured, and you further find that after the engineer became aware of the fact that plaintiff was not conscious of his danger and did not intend to leave the track in time to avoid danger, the engineer used all the means at his command and in his power to stop the train consistent with the safety thereof, the plaintiff can not recover." (2) "The law presumes that a person walking upon a railroad track will leave the same in time to prevent injury from an approaching train, of which he has knowledge or should have by the ordinary use of hearing and seeing, and the managers of the train may act upon this presumption." The court did not err in refusing these charges. Neither of these charges was called for by the evidence. The undisputed evidence is that the engineer saw appellee walking down the track between the rails with his back toward the engine, when two hundred yards from him; that he paid no attention to the signal. The wind was blowing "tolerably hard" and he did not look up. The engineer did not attempt to apply the air in emergency until the engine struck appellee—the testimony of the engineer being: "I don't know whether I had already struck the man when I first attempted to stop the train."

It is clear that the engineer discovered the peril of appellee and that he would not get out of danger in time to have stopped or slowed up the train before striking him.

Appellant's special charge No. 15, the refusal of which is complained of in the sixth assignment, was sufficiently embraced in the court's main charge.

The facts do not raise the issue that the injury to appellee was the result of an accident, and for this reason the court did not err in refusing appellant's special charge No. 12, submitting the law in reference to an accident.

The twelfth and thirteenth assignments present no reversible error. The former complains of the admission of evidence relating to the use of the track at the place of the accident by pedestrians, and the

latter of a refusal of a requested charge touching this issue. These matters were immaterial in view of the recovery being solely based on discovered peril. For the same reason there was no error in refusing appellant's special charge No. 4, which sought to have the jury instructed with reference to contributory negligence if appellee took the more dangerous of two or more pathways.

There was no error in admitting the answer of Dr. Hunter to the question by which it was sought to show that appellee's injuries were permanent. This witness had previously testified without objection, in substance, that appellee's injuries were permanent, so that if there was error in admitting the answer complained of it was harmless. The undisputed evidence showed that plaintiff was knocked off the track by one of defendant's passing trains, and the court did not err in assuming that fact in his charge to the jury.

It was shown on the hearing of appellant's motion for new trial that the attorney for appellee was to receive for his services one-third of the amount recovered by him in suit, and one-fourth of the amount recovered by compromise if the suit was compromised, and that one-third of the amount which should be realized from appellant by suit was conveyed by appellee to said attorney, and there was also conveyed to him one-fourth of any sums he might receive by way of compromise. It was admitted that Mrs. R. C. Merritt, the wife of appellee's attorney, is and was at the time of the trial and the hearing of the motion for new trial, the daughter of the trial judge, and it was contended in the motion that "the trial of the case before said judge was void and of no effect, in that it is a denial to defendant of its property without due process of law, and that it denies to the defendant the equal protection of the laws, and is therefore violative of and contrary to section 1, article 14 of Articles in Addition to an Amendment of the Constitution of the United States. It is contended that under the laws of this State the contract made the recovery in this case community property between the said Merritt and his wife, and she being the daughter of the judge, the law disqualified him from trying the case.

The Constitution declares, and the statute provides, that "no judge of the District Court shall sit in any cause wherein he may be interested, or where he shall have been of counsel, or where either of the parties may be connected with him by affinity or consanguinity within the third degree." Const., art. 5, sec. 11, Rev. Stats., art. 1068. Neither the attorney, R. C. Merritt, nor his wife was by name a party to the suit. The word "party" is not confined solely to those persons named on the docket as such. It is said in the case of Hodde v. Susan, 58 Texas, 394, that "a narrow or contracted construction of the term 'party' which confines it to the very persons named on the docket as such, and excludes such as stand in precisely the same relation; would often defeat the end had in view, of having justice impartially administered free from the bias and influence produced by the interest held in the cause by the judge or his relations." That was a suit on a claimant's bond, and one of the sureties on the bond was related to the magistrate who tried the case, within the third degree. Chief Jus-

tice Willie, in discussing the case, says: "Whether or not a person is directly interested in the subject matter of a suit depends upon whether the judgment will directly affect him. Under the law existing at the time the bond in this case was given, judgment in proceedings of this sort, where the claimant failed to establish his right to the property, was against all the obligors of the bond for ten percent damages on the value of the property claimed. Precisely the same judgment was to be rendered against the obligors as against the principal in the bond. Pasch., Dig., art. 5314. If the claimant did not return the property within ten days after such judgment, and such failure was certified to the court, it was its duty to indorse it 'forfeited,' and it then had the force and effect of a judgment against all the obligors for the value of the property with legal interest, upon which execution might issue as in other judgments. Id., art. 5316. In all these proceedings, from the time of trial to that of final execution, no difference is made between the claimant and his sureties. The same liability is imposed upon them; the same judgment is rendered against them. The sureties have a right to protect their interests by interposing a defense to the suit, taking such control over its proceedings as will prevent loss to them by neglect or inattention, and finally of appealing to a higher court, if in their opinion an erroneous judgment has subjected them to loss or damage." 58 Texas, 393. The attorney for appellee in the instant case does not occupy such position. He would not be affected by the judgment in the case further than losing pay for his services in the event judgment went in favor of the defendant. No judgment could go against him in the case. This court has held that an attorney occupying the relation to a cause similar to that of appellee's attorney can not be required to make himself a party to the suit and execute a bond for costs. We are of the opinion that under the facts the district judge was not disqualified under the Constitution and statute from trying the case. (Winston v. Masterson, 87 Texas, 200; Patton v. Collier, 13 Texas Civ. App., 544, 90 Texas, 115; Gulf, C. & S. F. Ry. Co. v. White, 32 S. W., 324; Knapp & Co. v. Campbell, 14 Texas Civ. App., 199; Gulf, C. & S. F. Ry. Co. v. Scott, 28 S. W., 458; Oriental v. Barclay, 41 S. W., 122; Gulf, C. & S. F. Ry. Co. v. Mathis, 32 Texas Civ. App., 137.)

Did such relationship of the judge to appellee's attorney under the facts deprive the appellant of its property without due process of law and the equal protection of the law, and violate section 1 of the Fourteenth Amendment of the Constitution of the United States? The Fourteenth Amendment in no way undertakes to determine by what process legal rights may be asserted or legal obligations be enforced, provided the method of procedure adopted for these purposes gives reasonable notice and accords fair opportunity to be heard before the issues are decided. The decisions of the Supreme Court of the United States are to the effect that due process of law is determined by the State and is not one of the immunities guaranteed by the Fourteenth Amendment. See the opinion in Twining v. New Jersey, 29 U. S. Ct. Rep., 14, for a full discussion of this question.

The trial court did not err in overruling appellant's motion for new trial. Finding no error in the record the judgment is affirmed.

ON MOTION FOR REHEARING.

Appellant in his motion for rehearing strenuously contends that the trial judge was prohibited from trying this cause by the terms of article 5, section 11 of the Constitution of this State. The terms of this clause are set out in the opinion and the correctness of appellant's contention depends upon the construction of the same. This clause came before the Supreme Court for construction in the case of Winston v. Masterson, 87 Texas, 200. As to the construction to be put upon the words "party" and "parties" as used in said clause, the court says: "The words 'party' and 'parties,' when used in connection with suits or actions, are technical words, the meaning of which is as certainly fixed as any words in the language;" and it was held that these words as therein used applied only to "he or they by or against whom a suit is brought, whether in law or in equity." This is the construction placed upon this clause by subsequent decisions by the appellate courts. (Gulf, C. & S. F. Ry. v. Scott, 28 S. W., 458; Oriental v. Barclay, 16 Texas Civ. App., 193; Gulf, C. & S. F. Ry. v. Matthews, 32 Texas Civ. App., 137.)

We conclude that the trial judge was not prohibited or disqualified from trying the cause and appellant's motion for rehearing is overruled.

*Affirmed.*

Writ of error refused.