GARZA v. ALAMO LIVE STOCK COMMISSION CO.

(Court of Civil Appeals of Texas. San Antonio. May 1, 1912. Rehearing Denied May 22, 1912.)

1. PARTNERSHIP (§ 216*)—ACTION BY CREDITORS—PLEADING—VARIANCE.

Where, in an action for goods sold to a firm, no exceptions were filed to plaintiff's pleadings, the counts of which, though inconsistent to a certain extent, pleaded several combinations of facts sufficient to show defendant's liability, and the evidence was sufficient to support the plaintiff's allegation that defendant was estopped to deny the existence of a partnership, and that defendant was carrying on the business under a firm name, of which his own name formed a part, a judgment would not be set aside for variance between the pleadings and the proof.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 409, 412, 416–418; Dec. Dig. § 216.*]

2. APPEAL AND ERROR (§ 742*)—VARIANCE—CONTRADICTORY ALLEGATIONS.

Where an assignment of error complained of a variance between the pleadings and proof, it was not supported by propositions relating to contradictory allegations in the pleadings alone.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. NEW TRIAL (§ 42*)—GROUNDS — INCOMPETENCY OF JUROR.

Where a juror stated in his affidavit that the jury considered that defendant ought to pay the amount of the judgment, defendant was not entitled to a new trial because the juror was incompetent to serve, in that he did not know who were plaintiffs and who were defendants, owing to his inability to intelligently understand English.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 74–79; Dec. Dig. § 42.*]

4. NEW TRIAL (§ 143*)—VERDICT—IMPEACHMENT—MISCONDUCT OF JURORS.

Where a verdict is not complained of as unsupported by the evidence, but rather as to the grounds on which the verdict was found, such objection does not amount to an allegation of misconduct of the jury within Acts 29th Leg. c. 18, providing that, when the ground of a motion for a new trial is misconduct of the jury, the court shall hear evidence thereon.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 290–296; Dec. Dig. § 143.*]

5. APPEAL AND ERROR (§ 1033*)—NEW TRIAL (§ 58*)—MOTION FOR JUDGMENT—REVIEW.

Plaintiff sued three persons as members of a partnership for goods sold to the firm, and after judgment against one of them moved for judgment against the others, notwithstanding the verdict in their favor. This being denied, plaintiff filed a motion to set aside the judgment in favor of the codefendants and for a new trial as to them, because the evidence did not support a finding in their favor, and because they were liable for the debt as well as the defendant against whom the verdict was rendered, which motion was overruled. All the defendants joined in the original motion for a new trial and in amended motions, all of them claiming that they were entitled to a new trial because of plaintiff's admission that the judgment was erroneous by his motion that judgment as to the two defendants discharged be set aside. Held, that those defendants could not complain of the judgment in their favor, and the defendant cast was not entitled to a new trial because plaintiff claimed that he

should have had judgment against the other two defendants as well.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033;* New Trial, Cent. Dig. §§ 121–124; Dec. Dig. § 58.*]

Appeal from Bexar County Court; Geo. W. Huntress, Judge.

Action by the Alamo Live Stock Commission Company against Porfirio Garza and others. Judgment for plaintiff against Porfirio Garza alone, and he appeals. Affirmed.

Ryan & Ryan, of San Antonio, for appellant. W. H. Russell, of Hereford, and T. M. West, of San Antonio, for appellee.

MOURSUND, J. Appellee, a partnership firm composed of C. A. Lynford, R. Y. Dougherty, and Leroy Dougherty, plaintiff below, sued Porfirio Garza, A. Garza, and Pedro Verastingui, alleging that said defendants composed the firm of Verastingui & Garza. The suit was for a balance due of $247.24, evidenced by verified account. Plaintiff further alleged that it sold and delivered certain goods to the defendants, and that the defendants then and there promised to pay plaintiff the amounts charged for said goods. The defendants answered separately, each pleading a general demurrer, a general denial, and under oath that he was never a partner with the other defendants or either of them. Said Porfirio Garza and Pedro Verastingui also denied that they purchased any goods or assumed payment thereof, and said A. Garza alleged that he is a minor, and has never ratified any contract with plaintiff. Plaintiff filed a supplemental petition alleging that the defendants are estopped to deny that they are partners, because they bought the goods from plaintiff as alleged, carried on an open account with plaintiff, and represented to plaintiff that they were partners; that relying upon said representations plaintiff sold them the goods mentioned in the account, and conducted an open market for the vending of beef and other meats, and held themselves out to the world as partners. And for special answer to the answer filed by A. Garza, plaintiff alleged: That said A. Garza bought the stock from plaintiff regularly, and conducted a long series of transactions with plaintiff, in appearance and in acts looked to be of age, represented himself to be of age, and is estopped by his acts and representations to plead minority. That it is not true that A. Garza is a minor. That the wrongful acts of the three defendants caused plaintiff to sell them goods, and that they each have reaped the benefits of the articles sold them and that they are each directly responsible to plaintiff and cannot plead minority to avoid the contract of A. Garza without first offering to restore to plaintiff firm the goods they received from it, or else the reasonable value of same. And in the event the said A.

Garza is a minor plaintiff says that his father, P. Garza, is responsible for the debts contracted by his son, who acted as his agent. Plaintiff also filed a trial amendment alleging that it sold the account of goods sued upon to P. Garza, and that P. Garza was directly responsible for the amount sued for because he bought said goods from the plaintiff under the name of Verastingui & Garza and conducted the business of a market house under said name. And if said partnership is not liable for the debt, then the said P. Garza, Sr., is liable alone for this debt, for he induced plaintiff to sell said goods to him under the name of Verastingui & Garza. The prayer was for judgment against each of the defendants severally or against them as partners, and for general relief. The case was tried before a jury, and verdict returned in favor of plaintiff against the defendant P. Garza for the amount sued for and in favor of the other defendants. Judgment was entered accordingly, and P. Garza has appealed.

Appellant has grouped his first two assignments of error which complain of a variance between the pleadings and the proof, and submits three propositions thereunder: (1) Plaintiff cannot plead one cause and prove another; (2) the allegations and proof must correspond; and (3) plaintiff cannot maintain action based solely upon his own testimony, which is evasive and contradictory.

There is no dispute that the account sued upon is correct, or that the stock therein mentioned was sold to and received by the market in the city market house, in which the defendants A. Garza and P. Verastingui worked, and for which P. Garza paid the rent. The only dispute is regarding the matter of liability; the only one willing to be recognized as purchaser being A. Garza, who pleads minority. The appellant is mistaken in insisting that F. Dougherty was the sole witness for plaintiff. The witnesses Russell and Crowther testified to material matters. Dougherty testified that he did not know of his own knowledge that the defendants were partners. Both Dougherty and Russell testify that appellant stated he and the other defendants were partners, and he does not deny making such statement, but does deny the existence of the partnership in fact. They also testified that he promised to pay the debt, which is denied by him. The last stock sold was on July 14, 1911, as shown by the account, and the trial was on December 9, 1911. The city market master, Crowther, testified that four or five months before the trial appellant would make daily visits to the meat market, and get the money and receipts of the day's earnings, and that he was running, managing, and conducting the establishment up to a month or so before the trial; that he paid the rent for the stalls in which the

business was conducted up to the time the same were vacated; that upon appellant's failure to pay rent witness advised the city attorney of such fact, who notified appellant to either pay rent or vacate, and the rent was paid and the stalls vacated. None of this is denied by appellant.

[1] No exceptions were filed to the plaintiff's pleadings, and while the counts are to a certain extent inconsistent, yet there being several combinations of facts alleged sufficient to show appellant's liability, and the evidence being sufficient to support the allegation that appellant is estopped to deny the existence of the partnership, and also being sufficient to support the allegation that appellant himself was carrying on the business under the firm name of Verastingui & Garza, we overrule these assignments. The third proposition, it will be noted, is not in accord with the evidence, because plaintiff does not rely solely upon the testimony of Dougherty.

[2] The third assignment complains of the failure of the trial court to instruct a verdict because the evidence of F. Dougherty is in direct conflict with the allegations of the plaintiff's trial amendment. The propositions under this assignment all relate to contradictory allegations in the pleadings, and to variances in the pleadings, and none of same are germane to the assignment, which complains of a variance between the proof and the pleadings. The assignment will therefore not be considered.

[3] The fifth assignment complains of the failure to grant a new trial because, as shown by Exhibit B of the amended motion, one member of the jury was incompetent to serve, as he does not intelligently understand the English language, in that he does not know who are plaintiffs and who are defendants. Exhibit B was the ex parte affidavit of one of the jurors attached to the motion for new trial. Aside from the question of permitting this method of passing upon the qualifications of jurors, we consider there is nothing in the contention. The juror stated in his affidavit that they considered that appellant ought to pay the amount of the judgment, so it appears that no mistake occurred in the verdict by reason of any uncertainty in his mind concerning who was plaintiff and who were defendants.

[4] The sixth assignment of error raises the issue that the verdict is contrary to the charge, because the affidavits of four jurors attached to the motion for a new trial show that appellant did not purchase or authorize the purchase of the goods sued for, and the charge did not authorize a verdict unless they found he had authorized the purchase. The propositions are: (1) The jury are bound to receive the law from the court, and be governed thereby; (2) it is the duty of the jury to act upon the law as received by them from the court; (3) a ver-

147 S.W.—44

dict not in accordance with the charge of the court is invalid. These propositions are correct as abstract propositions of law, but have no applicability to this assignment. It will be noted that the assignment does not complain of the verdict being contrary to the charge of the court because of insufficiency of evidence, but because some of the jury found that appellant did not purchase or authorize the purchase of the goods sued for. They did not so find in their verdict, and the only evidence of such finding is furnished by their ex parte affidavits.

No exception was taken to the pleadings, no complaint made of the charge, it is not contended that the verdict is not supported by evidence, but that some of the jury, while arriving at the verdict from the evidence submitted, do so upon findings upon which the charge did not authorize a verdict. Prior to the Act of 1905, p. 21, the verdict of a jury in a civil case was not permitted to be impeached by proof of the misconduct of a jury while deliberating upon the case. Railway v. Ricketts, 96 Tex. 71, 70 S. W. 315. Said act provides that when the ground of a motion is on the misconduct of the jury or the officer in charge, or because of any communication made to the jury, or because the jury received other testimony, the court shall hear evidence thereof.

No complaint is made that the verdict is not supported by the evidence, but the complaint is as to the grounds upon which it was found. This does not amount to an allegation of misconduct, and is a method of impeaching a verdict which should not be permitted. The assignment is overruled.

The seventh assignment is overruled for the reasons given in discussing the fifth assignment of error.

[5] By the eighth assignment appellant contends that the court erred in not granting a new trial because plaintiffs in their motion for a new trial and to enter a judgment against A. Garza and Pedro Verastingui admit: "First. That the verdict of the jury is contrary to the law and evidence in this case in finding a verdict in favor of A. Garza and Pedro Verastingui. The undisputed evidence in said case shows that they were liable for the debt as well as their codefendant, P. Garza; that plaintiffs are entitled under the undisputed evidence to a verdict against all of the defendants jointly and severally. Second. That the court erred in overruling the plaintiff's motion to enter a judgment in favor of plaintiff against the defendants A. Garza and P. Verastingui, notwithstanding a verdict had been rendered in favor of the defendants A. Garza and Pedro Verastingui." Appellant's propositions are as follows: "(1) If the party in whose favor a judgment has been rendered admits that error was committed in rendering judgment in his favor, the judgment should have been set aside and a new trial granted. (2) A

pleader admits that which is contained in his pleading."

Plaintiff made a motion requesting that judgment be entered against appellant's codefendants, notwithstanding the verdict in their favor. This being denied, it filed motion to set aside the judgment in favor of appellant's codefendants and grant a new trial as to them because the evidence did not support a finding in their favor, and because they were liable for the debt as well as appellant. This motion was overruled. It will be noticed there is no admission on the part of plaintiff that error was committed in rendering judgment in its favor against appellant. Appellant did not move for a new trial on the ground that his codefendants were equally liable. All of the defendants joined in the original motion for a new trial, the amended motion, and also in the amendment to the amended motion for a new trial, in which last-named instrument they all say they are entitled to a new trial because of plaintiff's motion that judgment as to A. Garza and P. Verastingui be set aside. It is rather peculiar that A. Garza and P. Verastingui, in whose favor judgment was rendered, should persist in wanting a new trial. They could not complain of a judgment in their favor, and appellant is not entitled to a new trial because plaintiff admits that he ought to have judgment against the other two defendants as well as against him. The assignment is overruled.

Judgment affirmed.