### ROSS v. WEST TEXAS UTILITIES CO.
### (No. 101.)

(Court of Civil Appeals of Texas. Eastland. Feb. 12, 1926. Rehearing Denied March 19, 1926.)

**1. Appeal and error ⚖️123.**

Court's ruling that appellant's answer was defective cannot be reviewed, where no order of court sustaining exceptions to answer is shown.

**2. Appeal and error ⚖️136.**

Compliance with rules for presentation of case to Court of Civil Appeals is a necessary predicate for revision of questions of law by such appellate court.

**3. Eminent domain ⚖️219—Jury were authorized to divide damages first awarded in condemnation proceedings into separate parts, for value of land taken and for damage to remainder of land.**

Jury were authorized to divide damages first awarded in condemnation proceedings into separate parts, for value of land taken and for damage to remainder of land, if they kept within evidence and were not guilty of misconduct.

**4. New trial ⚖️143(1).**

A juror cannot impeach verdict.

**5. New trial ⚖️44(1).**

Use of an arbitrary or illogical reason for a verdict by a jury is not such misconduct as will authorize a new trial, under Rev. St. 1911, art. 2021.

Appeal from Nolan County Court; A. S. Mauzey, Judge.

Condemnation proceeding by the West Texas Utilities Company against L. W. Ross. From a judgment awarding Ross $250 damages, he appeals. Affirmed.

Houchens & Clark, of Fort Worth, for appellant.

Douthit, Mays & Perkins, of Sweetwater, and Wagstaff, Harwell & Wagstaff, of Abilene, for appellee.

PANNILL, C. J. This is an appeal from a judgment in condemnation awarding appellant $250 damages arising from construction of an electric power transmission line over premises belonging to appellant.

[1] A number of interesting questions of law are discussed in appellant's brief which cannot be considered, such as action of the court in ruling that appellant's answer was defective; evidence claimed to have been erroneously admitted, and defects in instructions to the jury. As to first no order of the court sustaining exceptions to the answer is shown; in the absence of such order there is nothing presented for review.

Appellant's amended answer appears in the record, and, if the court improperly sustained exceptions to the original, appellant should have presented the court's ruling, as required by the rules.

[2] The other matters discussed are not presented by proper assignments, supported by appropriate propositions. Compliance with the rules for presentation of a case to the Court of Civil Appeals is a necessary predicate for revision of questions of law by such appellate court. Thompson v. Smith (Tex. Com. App.) 248 S. W. 1070.

Two questions are presented, which will be noticed. Complaint is made that the damages awarded are inadequate. This is answered by the evidence for appellee, which would have warranted the jury in assessing the damages at a less sum than was awarded appellant.

Misconduct of the jury was raised in the motion for new trial. The court heard evidence and found there was no misconduct. The testimony of the jurors supports the court's finding.

[3-5] Some of the jurors testified that the jury first found that appellant was entitled

to $250, which they then divided into two parts, one of $227 for value of the land taken, and $23 for damage to remainder of appellant's land. This they were authorized to do, if they kept within the evidence and were not guilty of misconduct. A juror cannot impeach his verdict. It is only improper conduct under article 2021, Revised Civil Statutes, as will authorize a new trial. The use of an arbitrary or illogical reason for a verdict is not such misconduct. Maffi v. Stephens, 108 S. W. 1008, 49 Tex. Civ. App. 354; Garza v. Alamo Live Stock Commission Co. (Tex. Civ. App.) 147 S. W. 687; Houston & T. C. R. Co. v. Gray (Tex. Civ. App.) 137 S. W. 729.

The judgment is affirmed.