**CITY OF ABILENE v. REED et al.  (No. 296.)**

Court of Civil Appeals of Texas. Eastland.
April 22, 1927.

**1. Appeal and error ⟾500(2)—Court of Civil Appeals will not consider proposition complaining of overruling of special exception to petition, not shown by transcript.**

The Court of Civil Appeals will not consider a proposition complaining of the overruling of a special exception to a portion of the petition in suit against city for injunction, where the transcript fails to show any ruling on the special exception.

**2. Appeal and error ⟾1050(1)—Party cannot complain of admission of testimony, where same testimony has been given by other witnesses without objection.**

Party cannot complain of the action of the trial court in admitting testimony, where the same testimony has been given by other witnesses without objection.

**3. Appeal and error ⟾231(9)—Objections that definitions in charge were on weight of evidence, misleading, irrelevant, and immaterial are too general for consideration.**

Objections to definitions in charge of the terms "possession," "claim of right," and "inconsistent with and hostile to," on the grounds that they were charges on the weight of evidence, misleading, irrelevant, and immaterial are too general to raise any question for consideration by the Court of Civil Appeals.

**4. Trial ⟾350(1)—Issue whether defendant had been in adverse possession ten years held not objectionable as mixed question of law and fact.**

A charge to the jury asking whether "defendant had been in adverse possession of the land for a period of ten years prior to suit" was not subject to criticism that it presented mixed question of law and fact.

**5. Municipal corporations ⟾708—City claiming prescriptive right held not entitled to peremptory instruction under evidence raising issue of adverse possession.**

City whose right depended upon prescription was not entitled to peremptory instruction in suit to restrain it from opening a ditch, under evidence failing to show whether city entered land as licensee or grantee and fairly raising issue of adverse possession.

**6. Adverse possession ⟾115(1)—Adverse possession is question of fact which will rarely be held established as matter of law.**

Adverse possession is so essentially a question of fact that a court would rarely be justified in holding that as a matter of law it had been established.

**7. Appeal and error ⟾1062(1)—Under clear right to injunction against city for threatened trespass, error in issue as to alleged threatened nuisance was immaterial.**

Any error in submitting an issue on nuisance was immaterial, where right to injunction against city from opening a ditch was clear on

ground of threatened trespass, though plaintiff also asked for injunction on ground of threatened nuisance.

**8. Eminent domain ⟾275(1)—Considerations of benefit and detriment to owners and public are irrelevant in suit to enjoin city from opening ditch on private lands.**

Considerations of relative benefit and detriment to private owners and to the public are irrelevant in suit for injunction to restrain a city from opening a ditch on private lands not legally taken for public purposes.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by C. H. Reed and others against the City of Abilene. Judgment for plaintiffs, and defendant appeals. Affirmed.

Thos. E. Hayden, Jr., of Abilene, for appellant.

Kirby, King & Overshiner, of Abilene, for appellees.

HICKMAN, J. The appeal is from a judgment in favor of the appellees perpetually enjoining and restraining the city of Abilene, its officers, servants, agents, and employees from opening or digging a ditch on and across certain lots of appellees situated in the city of Abilene. Such facts as are necessary to an understanding of each point discussed will be stated in connection with the discussion thereof.

[1] The first proposition of appellant complains of the action of the trial court in overruling a special exception to a portion of the petition of appellees. The appellees object to the consideration of this proposition and the assignment upon which it is based on the ground that the record does not show any ruling of the trial court on the special exception. We have examined the transcript and find no order or judgment of the trial court overruling the special exception, and the objection to the consideration thereof is sustained. Ross v. West Texas Utilities Co. (Tex. Civ. App.) 281 S. W. 641; Hansen et al. v. City of Stamford et al. (Tex. Civ. App.) 293 S. W. 913.

[2] Appellant assigns error to the ruling of the trial court admitting certain testimony of the witnesses W. C. Scott and C. H. Reed. Other witnesses are shown to have testified to susbtantially the same facts as those complained of, and the record does not disclose that an exception was taken by appellant to their testimony. A party cannot complain of the action of the trial court in admitting testimony where the same testimony has been given by other witnesses without objection. Missouri, K. & T. Ry. Co. v. Mitcham, 57 Tex. Civ. App. 134, 121 S. W. 871; Missouri, K. & T. Ry. Co. v. Harriman Bros. (Tex. Civ. App.) 128 S. W. 932.

[3] Complaint is made that the court in his

charge to the jury incorrectly defined "possession," "claim of right," and "inconsistent with and hostile to." The objections made by appellant to the court's definitions are the same in regard to each, and are as follows: "1. Because it is a charge on the weight of the evidence. 2. Because said charge is misleading. 3. Because said charge is irrelevant and immaterial."

These objections are too general to raise any question which can be considered by this court. The objections in no wise point out wherein the charge is on the weight of the evidence, in what way it is misleading, or why it is irrelevant and immaterial. Every incorrect charge is misleading. If courts should consider objections of this general nature, then the statute requiring objections to a court's charge to be submitted to the court before the giving of the charge to the jury would be requiring a vain thing. The object of the statute is to lessen the probability of errors in charges of trial courts by having the party who feels himself aggrieved by the charge point out to the court in a clear manner just wherein he thinks the charge is improper, in order that the court may have an opportunity to correct his charge before giving the same to the jury. This object would certainly not be served by objections in the language of those urged by appellant in this case. The propositions and assignments upon which same are based raising these questions cannot, therefore, be considered by this court. McGraw v. G. H. & S. A. Ry. Co. (Tex. Civ. App.) 182 S. W. 417; T. & P. Ry. Co. v. Prunty (Tex. Civ. App.) 233 S. W. 625; Isbell v. Lennox (Tex. Civ. App.) 224 S. W. 524.

Special Issue No. 1, submitted by the court to the jury, was as follows:

"Has the defendant had adverse possession of the land occupied by the ditch in controversy for a period of ten years prior to the filing of this suit? Answer yes or no."

[4] Appellant objected and excepted to this special issue on several grounds, the particular ground complained of in the brief being that said issue was a mixed question of law and fact. The contention is made that:

"It is a question of fact whether or not appellant was in adverse possession for a term of ten years prior to the filing of this suit, but it is a question of law whether or not appellant had had adverse possession."

In support of this proposition appellant cites the case of Varnes v. Dean (Tex. Civ. App.) 228 S. W. 1017. We do not understand the holding in that case to sustain this contention, and, believing the special issue not subject to the criticism made of it, this contention is overruled.

[5] It is contended by appellant that the court should have given to the jury a peremptory instruction to find in favor of appellant, and, further, that the evidence is in-

sufficient to support the verdict of the jury. The one issue of fact determinative of this case is whether or not the appellant, city of Abilene, had obtained a prescriptive right to maintain a ditch across the land of appellees for the purpose of draining water from its streets and alleys and from the property of certain other inhabitants of the city. The evidence disclosed that the ditch was opened by the city council 30 years ago, but fails to disclose whether the city went upon the lands as a licensee or under a grant.

[6] It would serve no purpose to lengthen this opinion by a recital of the evidence, but we have carefully considered it and have concluded that the issue of whether or not the possession of appellant was adverse was fairly raised, and that the jury's finding against appellant on that issue should not be disturbed. The question of adverse possession is so essentially a question of fact that only in rare cases would a court be justified in holding that, as a matter of law, it had been established. In this case E. N. Kirby, who was mayor of Abilene from 1907 to 1919, testified that during that time the city never claimed to own this ditch or any part of it. The assignments raising this question are overruled.

[7] Special Issue No. 3 submitted by the court to the jury was as follows:

"Will the opening and maintenance of the ditch in controversy by the city be a nuisance? Answer yes or no."

Appellant contends that since the ditch would not be a nuisance per se and would only become a nuisance by negligent operation and maintenance, appellees would not be entitled to an injunction to prevent any apprehensive future injury, citing such cases as Von Hatzfeld v. Neece et al. (Tex. Civ. App.) 223 S. W. 1034; Dunn et al. v. City of Austin et al., 77 Tex. 139, 11 S. W. 1125. But the nature of this action is to enjoin the city from committing a trespass upon the land of appellees, and all of the allegations and proof with reference to whether or not such a trespass would constitute a nuisance may be treated as surplusage. The appellees' petition for an injunction sought to have the writ issued upon two grounds, the one a threatened nuisance and the other a threatened trespass. Even if they were not entitled to the injunction on the first ground, they were clearly entitled to it upon the second ground. Any errors of the court as to the first ground therefore became immaterial. Griffith v. Railway Co. (Tex. Civ. App.) 108 S. W. 756; I. & G. N. Ry. Co. v. Cuneo, 47 Tex. Civ. App. 622, 108 S. W. 714.

[8] Appellant insists in its brief that greater injury would be done to it and its inhabitants if said ditch were permitted to be filled up than injury to appellees if said ditch were opened. We do not understand this conten-

tion. Private property can be taken for public purposes only in the manner provided by law. To prevent the taking thereof an owner is not required to show that a nuisance would be created and maintained by the public on his land, and neither is the public permitted to show that its benefit from the taking would outweigh the detriment to the owner. These considerations do not enter into a determination of the matter.

We find no errors calling for a reversal of the judgment in this case and the same is therefore affirmed.