**WALKER v. QUANAH, A. & P. RY. CO.***
**No. 3611.**

Court of Civil Appeals of Texas. Amarillo.
May 13, 1931.

Rehearing Denied June 10, 1931.

Killough & Dotson, of Vernon, for plaintiff in error.

C. Y. Welch, of Quanah, and G. E. Hamilton, of Matador, for defendant in error.

JACKSON, J.

The appellant, H. J. Walker, instituted this suit in the district court of Hardeman county, Tex., against the appellee, the Quanah, Acme & Pacific Railway Company, to recover damages for personal injuries alleged to have been sustained by appellant as the result of a collision between one of the appellee's trains and an automobile driven and operated by appellant on January 29, 1929.

The appellee answered by general demurrer, special exceptions, general denial, and pleaded that the appellant was guilty of contributory negligence.

In response to special issues submitted by the court, the jury found that the appellee was guilty of negligence in the particulars alleged and that such negligence was the proximate cause of plaintiff's injuries; that the agents of the appellee operating its train did not discover the peril of appellant in time to avoid the collision; that appellant had been damaged in the sum of $3,000; but that appellant was guilty of contributory negligence in approaching the crossing where the collision occurred and that such contribu-

*Writ of error granted.

tory negligence was a proximate cause of appellant's damages. On these findings the court rendered judgment that appellant take nothing by his suit and the appellee go hence without day, from which judgment the appellant, by writ of error, prosecutes this appeal.

The appellant, by proper assignments, urges as error the action of the court in rendering judgment against him because he should have been granted a new trial on account of the misconduct of the jury.

At the request of appellee, the court filed findings of fact on the testimony introduced on the hearing of the motion for a new trial, which, so far as are necessary to a disposition of this appeal, are, in effect, that the first sixteen special issues submitted by the court in his main charge were answered the first day of the jury's deliberations. That the issue submitting the amount of damages and the issue submitting plaintiff's contributory negligence were not answered, but a vote was had by the jury on plaintiff's contributory negligence, and ten of them were in favor of finding that he had used ordinary care and two favored finding him guilty of contributory negligence. That on assembling the next morning, the jury requested that the testimony of the plaintiff be reproduced, which was done, the jury returning to their room, and six of them voted that plaintiff had used ordinary care and six voted that he was guilty of contributory negligence and, in a reasonably short time thereafter, returned their answers, including the finding that appellant was guilty of contributory negligence. That after hearing the testimony of plaintiff re-read and returning to their jury room, considerable discussion arose as to the effect the answer on contributory negligence would have on plaintiff's right to recover. That one of the jurors stated that their finding on the issue of contributory negligence would make no material difference, as plaintiff would get the $3,000 damages assessed by them, regardless of how that issue was answered.

In addition to these findings, which are sustained by the testimony, the record discloses that the statement that the jury's finding on the issue submitting plaintiff's contributory negligence would be immaterial, was contradicted by another juror, who stated that in his opinion, if they found plaintiff was guilty of contributory negligence, the court would not allow him a recovery. That the statement was also made by some of the jurors substantially that the effect of their finding was not any concern of the jury. One of the jurors, Mr. Walser, testified that he advised the jury before they agreed to answer that plaintiff was guilty of contributory negligence, that plaintiff would recover nothing in the suit, and that he was certain when the question was so answered that plaintiff would not be allowed to recover. That during the deliberations, some juror stated that if they found plaintiff guilty of contributory negligence; he would be allowed to recover his judgment for $3,000. Some of the jurors testified that the impression was left on their minds that the plaintiff would be allowed to recover the damages the jury assesed, even if they did find the plaintiff guilty of contributory negligence, and they agreed to that finding because of such impression. That in their opinion the evidence did not show that plaintiff had failed to use ordinary care. They all testified that they agreed to and returned the issues as answered and that it was their verdict, though some of them believed that plaintiff would be given judgment for $3,000 on the issues as answered.

The testimony disclose that some of the jurors thought that the proper way to proceed was to first determine the amount that plaintiff should be allowed to recover and then answer the issues so as to allow the recovery of the amount agreed upon, but this procedure was not followed.

The court, in the first paragraph of his charge, instructed the jury to "answer each question having regard solely to the truth of the matter therein inquired about as nearly as you may be able to ascertain it from the evidence admitted on the trial of this case and from that alone, without regard to what effect any answer of yours may have on the result of this suit."

It has been held that the sole purpose of the law providing for the submission of cases on special issues is to remove from the jury any bias in favor of or prejudice against either party to the litigation and relieve the jury from the duty of directly passing upon who shall prevail in the suit and to require the jury to base its answer on the facts disclosed by the evidence, without regard to the result of such answer. McFaddin et al. v. Hebert et al., 118 Tex. 314, 15 S.W.(2d) 213; Texas Indemnity Co. v. Davis (Tex. Civ. App.) 32 S.W.(2d) 240.

In Texas Employers' Insurance Association v. Eubanks, 294 S. W. 905, 909, this court held that: "A juror cannot impeach his verdict, and illogical reasons therefor are not misconduct. Ross v. Texas Utilities Co. (Tex. Civ. App.) 281 S. W. 641. The views and notions that jurors may entertain individually or collectively, of the law, cannot affect their verdict. Kilgore v. Jordan, 17 Tex. 342. And the failure of the jury to 'comprehend the charge of the court with reference to the facts proven,' and the failure 'to apply the law given in the charge to the evidence before them,' cannot be urged as misconduct. Phillips v. T. & P. Ry. Co. (Tex. Civ. App.) 281 S. W. 1104."

In Bradley v. T. & P. Ry. Co., 1 S.W.(2d) 861, 864, the Commission of Appeals quotes the above statement, together with other excerpts from numerous opinions by the Courts

of Civil Appeals of this state, stating: "We are thoroughly in accord with the construction given the statute in the above cases. Trial courts should permit no inquiry into the mental processes or calculations of a juror in arriving at his verdict until such inquiry is made necessary to determine the effect on a juror's mind of some proven overt act of misconduct."

It is not contended that any fact or circumstance relative to proving or disproving contributory negligence of the plaintiff, except such as was admitted by the court, was even suggested by any one during the jury's deliberation upon their verdict. The misconduct urged is based wholly on the views and notions that some of the jurors entertained, which appellant claims affected their findings.

In Chandler et ux. v. Wiemers, 4 S.W.(2d) 569, 571, in an opinion by the Court of Civil Appeals of El Paso, the record shows that a statement as to the law, made by one of the jurors while the jury was deliberating, influenced at least one of the jurors to some extent to find a verdict contrary to what, in his opinion, the evidence warranted. In passing upon the issue of the misconduct of the jury, the court says: "We are not prepared to say that the conduct of the jury, as detailed by the juror Cook, was not improper conduct. The jury, as stated by Cook, agreed to a false verdict, in that they agreed to a verdict which they believed 'to be contrary to the true facts. The testimony of the juror Cook simply impeaches the verity of the verdict which all of the jury, including the juror Cook, agreed to return, and did return," and held, "that such conduct on the part of the jury is not statutory misconduct, but impeachment." In this case the Supreme Court refused a writ of error.

Under the facts revealed in this record and these authorities, it is our opinion that appellant's contentions would constitute an impeachment of the jury's verdict rather than an overt act of statutory misconduct requiring a reversal of the case.

In this case the court had directed the jury specifically to answer the issues submitted with regard solely to the truth of the matters therein inquired about and to ascertain the answer to each question from the evidence admitted without regard to the effect any answer would have on the result of the suit.

In Maloney v. G. A. Stowers Furniture Co., 28 S.W.(2d) 306, 308, in passing upon a very similar question, the Court of Civil Appeals of San Antonio says: "The testimony presents a sad commentary on a jury trial, and, if it was the common or usual procedure with juries in the consideration of cases, would shake the foundations of the jury system. * * * We are disposed to believe that it was not corruption or disregard of the law that caused the discussion as to the effect of the verdict and the subsequent admission by several of the jurors that they would have foresworn themselves had they known the effect of the same. It was merely a lack of knowledge of the duties devolved upon them by their oaths under the instructions of the court."

The trial court heard the testimony offered relative to the misconduct of the jury, and concluded that, notwithstanding the controversy as to the effect that the finding of contributory negligence would have on the judgment to be rendered, such controversy had no material influence on the jury's findings. "It has often been held that the trial court, in considering evidence offered on the hearing of a motion for new trial, has the same latitude in passing on the credibility of the witnesses, and of the weight to be given to their testimony, as a jury has on the original trial." St. L., B. & M. Ry. Co. v. Cole et al. (Tex. Com. App.) 14 S.W.(2d) 1024, 1025, and authorities cited. For additional authorities see Parks et ux. v. M., K. & T. Ry. Co. of Texas (Tex. Civ. App.) 19 S.W.(2d) 373.

In Lackey et al. v. Southland Greyhound Lines, Inc., 35 S.W.(2d) 739, 740, by the San Antonio Court of Civil Appeals, the record discloses that four jurors testified that they found appellant guilty of contributory negligence in the erroneous belief that the answer to such issue was immaterial because of their finding that appellant had been damaged in the sum of $5,000. That the jury had first determined the amount of damages, and upon reaching the issue of contributory negligence, some of the jurors stated that the answer to that question was immaterial, as it would not affect the right to recover, and that the agreement to such answer was made contrary to the belief of some of the jurors that the finding was contrary to the evidence. The court states: "The most that may be said in support of appellants' contention is that the testimony raised an issue of fact as to whether or not there was misconduct in the particular urged, which question the trial judge in his discretion resolved against appellants. That finding is amply supported by the testimony, and is binding upon this court."

The testimony is amply sufficient to support the finding of the jury that the plaintiff was guilty of contributory negligence; and the assignment challenging such finding because of insufficient testimony is overruled.

Appellant's other assignments present no reversible error, and the judgment is affirmed.