Theo. Broussard v. Sabine & East Texas Railway Company.

No. 2784.

1.  **Statement of Facts.**—A statement of facts filed after the adjournment of the term will not be considered on appeal unless the record shows that time for filing it was extended by order of the court.

2.  **Judgment Entry—Exceptions.**—The judgment entry ought to be made to show affirmatively what exceptions were sustained, and the court on appeal will not supply such omissions, by construction or otherwise.

3.  **Same—Case in Judgment.**—A number of exceptions were taken to the items of damages alleged in the petition. The judgment entry showed: "General demurrer to plaintiff's trial amendment overruled. Special exceptions, except the one of injury to the cattle, overruled. Defendant excepts." Three of the items in the petition related to injury to cattle. *Held*, that the record did not show what, if any, exception had been sustained.

Error from Jefferson. Tried below before Hon. J. F. Lanier, Special District Judge.

This is a writ of error prosecuted from a judgment in favor of appellee in a suit by the plaintiff for damages from the negligent and improper construction of the railway of appellee, whereby plaintiff's lands were injured and stock drowned and starved from effects of water thrown back and dammed up on the lands of plaintiff. The items of loss for which damages were claimed are set out in the opinion, as are other matters discussed therein.

*Thos. J. Russell*, for plaintiff in error.

*O'Brien & O'Brien*, for defendant in error.

HENRY, Associate Justice.—Appellant sued to recover damages alleged to have been caused by floods resulting from the negligent construction of defendant's railroad.

The items of damage, as stated by him, were as follows:

1.  The loss of his corn crop in 1884.

2.  The death of thirteen cows, caused by the overflow of 1884.

3.  The death of twenty cows and forty yearlings, and depreciation in value of fifty yearlings, caused by overflow in January, 1885.

4.  The death of two hundred cattle by reason of the overflow of 1885.

5.  The loss of the use of pasture land and the value of the grass on the land in May, 1884, and for three months while the water continued on the land, and thence until October following before the grass grew upon the land again.

6.  The loss of enclosed pasture of 840 acres during the months of January and February, 1885, while overflowed, and thence until the 1st of June, because the water had so injured the sod that grass would not grow.

Special exceptions to the manner of pleading these facts in his petition were sustained by the court, upon which plaintiff filed a trial amendment, in which he again set up all of said facts.

The pleadings as amended were again excepted to, but the exceptions were overruled except in one particular.

The only entry of the action of the court on the exceptions to the pleadings, as they read after plaintiff's trial amendment was filed, is in the following words: "General demurrer to plaintiff's trial amendment overruled. Special exceptions, except the one of injury to the cattle, overruled. Defendant excepts."

It is only by construction that this order can be held to have sustained any exception. And if by that means we could determine that "one," relating to the injury of cattle, was sustained, we still would not be able to know which one of several relating to that subject was intended.

The judgment entry ought to be made to affirmatively show what exceptions are sustained, and we will not, when such an omission to do so exists as we find in this case, aid the judgment, by construction or otherwise. There being nothing in the record to show that the court sustained exceptions to plaintiff's pleadings after they were amended, it presents no error in that respect for our consideration.

The record before us shows that the term of the court at which the judgment appealed from was rendered was finally adjourned on 8th day of June, 1887, and that the statement of facts was not filed until the 10th day of June, 1887, or two days after the adjournment of the term. It is not shown that an order was entered during the term authorizing the statement of facts to be made up in vacation. Rev. Stats., art 1379.

In the absence of such an order we can not consider the statement found in the record.

Other assignments insisted upon by appellant are such as can not be considered in the absence of a proper statement of facts.

The judgment is affirmed.

*Affirmed.*

Delivered January 31, 1890.