MORRIS et al. v. MORRIS.   (No. 742–4335.)

(Commission of Appeals of Texas, Section A.
Feb. 10, 1926.)

1. Wills ⬤⇒330(1)—Refusal of requested instruction defining "testamentary capacity" held error.

In will contest, refusal of requested instruction defining "testamentary capacity," as meaning that person making will must, at time will was executed, have sufficient ability to understand business in which she was engaged, effect of her acts in making will, capacity to know objects of her bounty and their claims upon her, and general nature of her property, held error.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Testamentary Capacity.]

2. Wills ⬤⇒50—Testatrix without "testamentary capacity," if mentally incapable of understanding and appreciating claims of beneficiary upon her.

Though testatrix had sufficient mental capacity to know that she was executing an instrument purported to be her will, and that its effect would be to vest her property at her death in her husband, to exclusion of her children and grandchildren, she would not have "testamentary capacity" if she were mentally incapable of understanding · and appreciating claims of beneficiary ,upon her in relation to claims of persons who would share in her property in absence of a will, and also to comprehend general nature of her property.

3. Wills ⬤⇒52(2)—Any departure from usual disposition of property presumed to have been made by testatrix for reasons rationally conceived by her.

Any departure from usual course in which a person prompted by ordinary instinct and natural impulses would have her property go is presumed to have been made by testatrix because of reasons rationally conceived by her which were satisfactory to her.

4. Wills ⬤⇒50—Testatrix's property not diverted from natural channels if unable to rationally conceive causes for disposing of it otherwise.

Testatrix's property will not be diverted from its natural channels, if it be shown that she was then unable to rationally conceive causes for making other disposition and to give them rational consideration.

5. Wills ⬤⇒50—Testatrix must be mentally capable of comprehending natural claims of those she disinherits, and relation of such claims to herself and to those of beneficiaries named in will, to have "testamentary capacity."

Testatrix must be mentally capable of comprehending natural claims of those she disinherits, and relation of such claims to herself and to those of beneficiaries named in will, before she has "testamentary capacity."

6. Wills ⬤⇒50—Testatrix must have mental capacity to comprehend effect of her action in naming beneficiaries in relation to natural claims upon her to have "testamentary capacity."

In naming beneficiaries of her bounty, testatrix may be prompted by strongest motives of gratitude or affection or merest whim, but she must have mental capacity to comprehend effect of her action in its relation to natural claims upon her to have "testamentary capacity."

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Application by R. A. Morris to probate the will of Mrs. Sallie L. Morris, deceased, contested by Archie F. Morris and others. Judgment probating will was affirmed by the court of Civil Appeals (268 S. W. 187), and contestants bring error. Reversed and remanded.

Everett Bryson, of Pittsburg, C. A. Sweeton, of Houston, and Clark & Clark, of Greenville, for plaintiffs in error.

J. H. Beavers, of Winnsboro, J. A. Ward, of Mt. Pleasant, and J. D. Bass, and C. G. Engledow, both of Pittsburg, for defendant in error.

HARVEY, P. J. This is a proceeding to · probate the will of Sallie L. Morris, by the terms of which will all the property of testatrix is devised to her husband, R. A. Morris. The value of the property is estimated to be about $150,000. The probate of the will is contested by plaintiffs in error Archie Morris, a son of testatrix, and other of ·her children and grandchildren. Upon trial of the case in the district court, before a jury, verdict was rendered in favor of proponent, R. A. Morris, and judgment was rendered admitting the will to probate, from which judgment this appeal was duly prosecuted.

One of the grounds of contest, relied on by contestants in such trial, was mental incapacity on the part of Sallie L. Morris to make such will, and the issue was raised by the pleadings and evidence. This issue, among others, was submitted to the jury, who found testatrix to have been of sound mind and mentally capable of making .the will.· On this issue, the court charged the jury as follows:

"Sound mind, as used in this charge, means that the party making the will at the time of executing the same had sufficient mental capacity; that is, his or her mind and memory was sufficiently sound to enable him or her to know what is being done and the effect of the acts at the time of the execution of the will."

To this charge the plaintiffs in error duly objected; the ground of their objection being, in substance, that ·the charge was too restrictive and did not fully inform the ju-

ry what was necessary to constitute mental capacity to make a will. In connection with their said objection, the plaintiffs in error duly requested the court to give the following charge in lieu of that to which said objection was addressed, to wit:

"You are instructed that, in order for a person to be competent to make a will, it is necessary that such person possess testamentary capacity. By the words 'testamentary capacity' is meant that the person making the will must, at the time the will is executed, have sufficient ability to understand the business in which she is engaged, the effect of her acts in making the will, the capacity to know the objects of her bounty and their claims upon her, and the general nature of her property."

The said objection of plaintiffs in error was overruled, and the said requested charge was refused by the court, and plaintiffs in error complain here of such action of the trial court.

The evidence is amply sufficient to sustain a finding, if one were made by a jury, that, at the time Sallie L. Morris executed the will in question, she did not have testamentary capacity as defined in the requested charge. The elements of testamentary capacity, so far as shown in the requested charge, have received the approval of the Supreme Court in the case of Prather v. McClelland, 13 S. W. 543, 76 Tex. 574, and also of a number of our Courts of Civil Appeals.

[1] We think that all the elements specified in the requested charge are essential to testamentary capacity, and that the plaintiffs in error were entitled, on request, to have them included in the court's charge defining testamentary capacity.

[2] In this case, the plaintiffs in error may well have apprehended, as no doubt they did, that, under the charge given by the court, the jury might conclude that all meant by the charge was that Mrs. Morris should have only such degree of mental capacity as to enable her to know that she was executing an instrument purporting to be her will, and to know that the effect thereof would be to vest her property, at her death, in her husband, to the exclusion of her children and grandchildren. And plaintiffs in error, on request properly made, were entitled to a charge explaining more fully what was meant. For, even if Mrs. Morris had mental capacity to know the things which we have just mentioned, she would not have testamentary capacity if she were mentally incapable of understanding and appreciating the claims of the benefi-

ciary upon her, in relation to those of the persons who would share in her property in the absence of a will, and also to comprehend the general nature of her property.

[3-5] The theory which underlies the statutes of descent and distribution is that the course of descent prescribed by statute is the natural one. In theory, such course is the one which a person, prompted by the instincts and natural impulses which in those matters ordinarily direct the actions of mankind, would have his property go. Any departure from that course, though it may not be uncommon or unusual, is unnatural, and is presumed to have been made by the testator because of reasons rationally conceived by him which were satisfactory to him. However, whatever the causes of his action in the premises may be, they are insufficient to divert his property from its natural channel, if it be shown that the testator was unable to rationally conceive them and give them rational consideration. He must be mentally capable of comprehending, among other things, the natural claims of those he disinherits, and the relation of such claims to himself and to those of the beneficiaries named in the will, before it can be said that he is capable of knowing what he is doing and the effect of his acts.

[6] In naming the beneficiaries of his bounty, he may be prompted by the strongest motives of gratitude or affection, or by the merest whim, but, in either case, he must have mental capacity to comprehend the effect of his action in its relation to natural claims upon him, which he does not have if he be mentally unable to comprehend those natural claims.

We are of opinion that the court committed error in overruling the said objection of plaintiffs in error to the court's charge, and in refusing to give the charge requested by plaintiff in error, set out above.

In view of the decision which we have reached on the matters discussed, we refrain from expressing an opinion concerning the holding of the Court of Civil Appeals on other alleged errors.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals, be reversed, and that the cause be remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.