## CONNOR v. CRAIN. (No. 425.)

(Court of Civil Appeals of Texas. Waco.
Nov. 4, 1926. Rehearing Denied
Jan. 6, 1927.)

1. **Automobiles** ⊂⇒245(36)—Whether automobile truck causing injury was owned and operated for defendant's benefit held for jury.

In action for damages to person and property in collision of automobile truck with plaintiff's wagon and team, evidence *held* sufficient to take to jury question of defendant's ownership of truck at time of accident, and whether it was operated under his management and for his benefit.

2. **Automobiles** ⊂⇒244(32)—Evidence held to support findings that defendant owned and controlled automobile truck causing injury.

In action for injuries to person and property in collision of automobile truck with plaintiff's wagon, evidence *held* sufficient to support findings that defendant owned, controlled, and managed truck at time of accident.

3. **Evidence** ⊂⇒222(2)—Defendant's statement that he owned truck which struck plaintiff's wagon held to have probative force, as admission against interest.

In action for damages in collision of defendant's truck with plaintiff's wagon, defendant's statement to plaintiff that he owned truck *held* to have probative force, as admission against interest, notwithstanding that it to some extent involved conclusion on mixed question of law and fact.

4. **Appeal and error** ⊂⇒927(7)—In determining whether court erred in submitting issues to jury, court must consider only evidence favorable to appellee's contention.

In determining whether court erred in submitting issues to jury, all evidence, direct or circumstantial, favorable to appellee's contention, must be considered, discarding all evidence to contrary.

5. **Trial** ⊂⇒139(1)—Defendant is not entitled to peremptory charge, where evidence favorable to plaintiff, standing alone, will support findings on issues submitted.

Where evidence in favor of plaintiff's contention, standing alone and uncontradicted, is sufficient to support findings on issues submitted, defendant's request for peremptory charge was properly refused.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Action by W. N. Crain against J. E. Connor. Judgment for plaintiff, and defendant appeals. Affirmed.

Spivey & Spivey, of Waco, for appellant.
D. Y. McDaniel, F. M. Fitzpatrick, and S. J. T. Smith, all of Waco, for appellee.

GALLAGHER, C. J. This suit was instituted by appellee, W. N. Crain, against appellant, J. E. Connor, to recover damages to his person and property which he alleged resulted from the collision of an automobile truck with his wagon and team. He alleged that at the time of said collision said automobile truck was owned by appellant, or, if not owned by him, that it was under his control and management and being driven for his use and benefit at the time of the collision. The case was tried to a jury. At the close of the evidence appellant requested a peremptory charge in his favor. The court refused said request and submitted the case to the jury on special issues. The issues submitted and the answers of the jury thereto, so far as material to the points presented as grounds for reversal, are as follows:

"(a) Prior to and at the time of the accident had the defendant, J. E. Connor, relinquished ownership over said automobile truck? Answer: No.

"(b) On the trip in question and at the time of the accident was the automobile truck under the control or management of the defendant? Answer: Yes.

"(c) On the trip in question and at the time of the accident was the defendant riding in the truck as the guest and upon the invitation of J. H. Hawthorne? Answer: No."

The court rendered a judgment in favor of appellee against appellant for the sum of $250, the aggregate amount of damages assessed by the jury, and said judgment is here presented for review.

## Opinion.

[1, 2] Appellant presents as ground for reversal the action of the trial court in refusing to give a peremptory charge in his favor as requested by him. Appellant lived in Marlin, but owned a farm in Falls county. William Connor, a son of appellant, and J. H. Hawthorne, lived on said farm and worked land thereon "on the halves." Appellant testified, in substance, that he bought the automobile truck involved in the collision in February, 1923; that he sold same to his son William a few months later, but never transferred the same on the records; that his said son paid a part of the purchase price at the time and the remainder the next spring; that said truck was kept at his son's residence on the farm; that Hawthorne borrowed the truck from his son on April 6, 1924, for the purpose of coming to Waco for groceries; that he invited appellant to come to Waco with him and that appellant accepted said invitation; that appellant was furnishing Hawthorne with groceries or with the money to buy groceries, and that such groceries when needed were purchased at a store belonging to appellant's brother in Waco; that said Hawthorne was operating said truck both in going to Waco and in returning home at the time of the

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

collision, and had exclusive control and management of same, at that time. Appellant's testimony on these matters was corroborated in the main by the testimony of Hawthorne and his said son.

Appellant also testified, in part, as follows:

"We must have left Waco somewhere between 8 and 9 o'clock that night. * * * I did not buy any groceries that day, but I carried back a couple of sacks of/ millet seed for planting purposes. * * * The lights were burning on our truck when we left Waco, but they were dim. Just before we drove into Riesel the lights began to be bad; they would go on and off, and we drove into Mr. Foster's garage and tried to see if he could give us a rent battery .or fix those we had so we could have light into Marlin, but he didn't have a rent battery for a Dodge -truck and couldn't help us out, so we drove on south with our lights just on and off. They would not burn all along together after we left Riesel. * * * I could have left the car at Riesel and walked home easily. .* * * In going on that way we met the plaintiff, Will Crain."

After testifying as to what occurred at the time of the collision, appellant further testified:

"I went down to this gentleman's house * * * and called my son at Marlin and told him to get his mother's car and come up the road to meet us; that our lights were dim."

The man from whose house appellant telephoned testified that appellant called his folks or some one at Marlin to come out and get him; that his lights were out and he could. not see how to drive. Hawthorne testified, in part, as follows:

"I have driven a car for Mr. Connor before and since the accident. I couldn't say positively whether I had driven this particular truck for him before, that and done any hauling for him; I might have come to Waco and have gotten a load of groceries for him. Mr. Connor. bought most of his groceries and things for the men he was furnishing on the farm here in Waco. It was necessary to come up here to get these supplies."

Appellee testified that the man who was driving the truck told him at the time of the accident that it belonged to appellant. Appellee further testified that he had several conversations with appellant concerning some compensation for his damages; that in one of said conversations .appellant told him that it was his (appellant's) truck that ran into him; that appellant said he wanted to see the injured mule and would make it good; that appellant came to him at another time and wanted to see the other mule that appellee claimed was injured; and that appellant started toward the pasture where said mule was. Appellee further testified that appellant did not in any of said conversations claim that he was acting for Hawthorne nor disclose in any way that he was acting for any one other than himself. Walter Smith testified that he met appellant one day and that appellant told him of the accident and asked him to go and look at appellee's mules and try to get a settlement with appellee for him. Appellant testified that he did try to make an adjustment with appellee; that he did offer appellee a mule to work until the crippled mule got better; and that he went to see an injured mule, which seems to have been left in Riesel at the time of the accident. He testified in this connection, however, that he was acting in the matter for Hawthorne and at his request, and that he told appellee so at the time. There was no objection to any of the testimony so far as disclosed by the record.

[3] Appellant insists that appellee's testimony to the effect that appellant told him that he owned the truck was without probative force and should not be considered in passing upon the sufficiency of evidence to justify the court in submitting the case to the jury. He claims that such statement, if made, was a mere conclusion and not evidence of ownership in the absence of a statement of the facts on which such claim of ownership was based. The statement under consideration was, under the circumstances of this case, an admission by appellant against his own interests. Such an admission is not without probative force merely because it may to some extent involve a conclusion on a mixed question of law and fact. Flores v. Maverick (Tex. Civ. App.) 26 S. W. 316, 319; Stoppelberg v. Stoppelberg (Tex. Civ. App.) 222 S. W. 587, 588; Extence v. Stewart (Tex. Civ. App.) 26 S. W. 896, 897; West Lumber Co. v. Morris & Barnes (Tex. Civ. App.) 257 S. W. 592, 598.

[4, 5] Under the evidence in this case we think an issue was raised with reference to appellant's ownership of the truck at the time of the accident, and with reference to whether it was being operated at the time in whole or in part under his control and management and for his use and benefit. It is true that there is direct evidence in support of appellant's contention and that the evidence in favor of appellee's contention is largely circumstantial. In determining whether the court erred in submitting to the jury for determination the issues he did submit, we must consider all the evidence, direct or circumstantial, favorable to appellee's contention, discarding all evidence to the contrary. No question of preponderance of the evidence is involved. If the evidence in favor of appellee's contention, standing alone and uncontradicted, is sufficient to support the findings of the jury on the issues submitted, appellant's request for a peremptory charge in his favor was properly refused. Stewart v. Millier (Tex. Civ. App.) 271 S. W. 311, 315 (writ refused), and authorities

there cited. Considering the evidence tending to support appellee's contention on the issues submitted as a whole, we think it meets the test prescribed. We therefore hold that the court did not err in refusing to charge the jury peremptorily to return a verdict for appellant, and we further hold that the findings of the jury on the issues discussed are supported by the evidence.

Appellant nowhere in his brief contends that the findings of the jury on said issues did not authorize the court to render the judgment he did render against him when considered in connection with other findings of the jury, none of which are assailed.

The judgment of the trial court is affirmed.