**BUCHANAN et al. v. DAVIS et al.
(No. 2060.)**

Court of Civil Appeals of Texas. El Paso.
Nov. 10, 1927.

Rehearing Denied Dec. 15, 1927.

1. **Appeal and error ☞77(2)—Judgment that plaintiffs take nothing by will contest held "final appealable judgment," though dismissal should have followed rulings sustaining plea in abatement and exceptions.**

County court's judgment that plaintiffs take nothing by will contest, and that defendants go hence without day, *held* a final judgment, from which appeal would lie, though judgment, following rulings sustaining pleas in abatement

and exceptions in answer, should have been one of dismissal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. **Limitation of actions ☞180(1)—Defendants may submit issue of limitation by exception to petition.**

Defendants may submit issue of limitation of plaintiffs' cause of action by exceptions to petition, rather than by plea.

3. **Appeal and error ☞275—Exceptions not called to attention of, nor acted on by, trial court, are deemed waived.**

Exceptions not called to trial court's attention for action, nor acted on by him, present no issue in Court of Civil Appeals, but are deemed waived.

4. **Limitation of actions ☞201—Judgment entry should affirmatively show that trial court overruled exception of limitation to make it available on appeal.**

To make exception to petition on ground of limitation available on defendants' appeal to Court of Civil Appeals, judgment entry should be made to show affirmatively that trial court overruled such exception.

5. **Wills ☞260—Directed verdict for defendants, in suit to revoke probate of will, because of four years' limitation, held properly refused, where suit was brought little over year after one of two minor plaintiffs attained majority (Rev. St. 1925, art. 5534).**

Where petition alleged, and undisputed evidence showed, in suit to revoke probate of will, that two plaintiffs were minors at time of probate, and that action was brought only a little over a year after one of them became of age, the court properly refused to instruct a verdict for defendants because of four years' limitation (Rev. St. 1925, art. 5534).

6. **Wills ☞267—All persons named in will are necessary parties to suit to set aside probate.**

All persons named in the will are necessary parties to action to set aside the probate thereof.

7. **Wills ☞260—Period for suit to set aside probate of will does not begin until removal of minors' disability.**

Period within which action must be brought to set aside probate of will does not begin until removal of disability of minority.

8. **Wills ☞400—Appellate court cannot compare probative force of evidence in suit to set aside probate of will.**

It is not within appellate court's province to compare the probative force of evidence of opposing sides in suit to set aside probate of will.

9. **Wills ☞400—Evidence must be considered most favorably to plaintiffs' position on defendants' appeal in suit to set aside probate of will.**

On appeal from judgment for plaintiffs in suit to set aside probate of will, evidence in record must be considered most favorably for plaintiffs from position they assumed as to

testatrix's mental condition and undue influence.

**10. Appeal and error ☞989—Inquiry on defendants' appeal is whether there is any evidence in record justifying finding for plaintiffs.**

Inquiry on defendants' appeal from judgment· on verdict for plaintiffs is whether there is any evidence in record on which the jury would have been justified in finding as it did.

**11. Appeal and error ☞989—All evidence favorable to plaintiffs' contention must be considered, and all evidence to contrary discarded, in determining sufficiency to sustain findings for plaintiff.·**

In considering sufficiency of evidence to sustain jury's findings for plaintiffs in suit to set aside probate of will, appellate court must consider all the evidence, direct or circumstantial, favorable to plaintiffs' contention, discarding all evidence to contrary; no question of preponderance of evidence being involved.

**12. Trial ☞142—Fact issues are for jury, unless reasonable men could not differ on deductions from evidence.**

Issues of fact are for jury, unless evidence is such that minds of reasonable men could not differ on deductions to be drawn therefrom.

**13. Wills ☞53(1), 164(1)—Wide latitude is allowed both will contestants and proponents in determining issues of mental capacity and undue influence.**

In determining issues of mental capacity and undue influence, wide latitude is allowed both will contestants and proponents, and circumstances of any probative value are admissible.

**14. Wills ☞324(1)—Weight and value of circumstances of probative force in will contest are for jury.**

The weight and value of circumstances, admitted in will· contest, and having probative force, are for the jury.

**15. Wills ☞54(3), 165(5)—Decedent's declarations, reasonable time before making will, showing fixed intent contrary to that expressed therein, are admissible on issues of incapacity and undue influence.**

Declarations of decedent, showing fixed· intention contrary to that expressed in will, and uttered within reasonable time before making will, have probative force, and are admissible on issues of testamentary incapacity and·undue influence in will contest.

**16. Wills ☞54(3), 165(5)—Testimony as to testatrix's statement that her husband tried several times to get her to sign will, and that, if she did, she would be out of her mind, held admissible on issues of incapacity and undue influence.**

In suit to set aside probate of will for mental incapacity and undue influence, testimony as to hearing testatrix say that her second husband had tried on various occasions to get her to sign will, and that, if she did so, she would be out of her right mind, *held* admissible.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by Loleta Davis and others against W. M. Buchanan, individually and as independent executor under the will of Ophelia B. Buchanan, deceased, and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Robert Thompson and Chas. F. Greenwood, both of Dallas, and John B. Howard, of El Paso, for appellants.

Coates & Mastin, of Fort Worth, for appellees.

WALTHALL, J. On August 3, 1917, Mrs. Ophelia B. Buchanan formally executed what purports to be, and what we will refer to as, her last will and testament. On the 20th day of August, 1917, Ophelia B. Buchanan departed this life, and on November 6, 1917, said will was duly admitted to probate in Dallas county, Tex., and no appeal was taken therefrom. On October 9, 1924, appellees, heirs at law of testatrix, plaintiffs below, Loleta Davis, joined by her husband, Frank Davis, A. J. Buchanan, for himself and as next friend of Milton Buchanan, a minor, and C. P. Buchanan, brought this suit in the county court of Dallas county against Orville Buchanan, Mrs. Robert Thompson, and her husband, Robert Thompson, Billy B. Odom, a minor, Cleland Buchanan, Clyde Buchanan, ' and W. M. Buchanan. The last named sued individually and as independent executor under the said will, praying that the said will be denied probate; that all orders, decrees, and judgments entered in connection with the probate of said will be revoked, canceled, and annulled; that by reason of the matters alleged it be adjudged that said will is not' the last will and testament of said Ophelia B. Buchanan, deceased. The suit was concluded in the county court and judgment entered that plaintiffs take nothing by their contest, and that defendants go hence without day. Plaintiffs gave notice and duly perfected an appeal to the district court of Dallas county for the Fourteenth judicial district.

In the district court the case was tried with a jury on plaintiffs' first-amended·original petition, and the several answers˚of defendants, and˚ submitted upon special issues, resulting in a verdict and judgment in favor of plaintiffs below, appellees here.

Without stating the pleadings at this time, the issues submitted indicate the issues tendered by the pleadings, and upon which proof was offered. In answer to the issue 1, submitted, the jury found that Ophelia B. Buchanan, at the time she executed the instrument in writing, of date August 3, 1917, did not have testamentary capacity, as that term is defined in the court's charge; and in answer to issue 2, the jury found that the said instrument was procured through undue influence exerted upon Ophelia B. Buchanan

by W. M. Buchanan, as the term undue influence has been defined to the jury in the court's charge.

Judgment was entered on the verdict for the plaintiffs, from which defendants prosecute this appeal.

### Opinion.

The amended petition discloses that the relationship of the parties to this suit is substantially as follows: Ophelia B. Buchanan, the then widow of A. J. Buchanan, deceased, with three children, namely, Will, C. P. (Clarence), and A. J. (Jack) Buchanan, married her kinsman, a widower, W. M. Buchanan, with two children, namely, Cleland and Clyde. To this marriage were born to them a girl, Olive, and a son, Orville. Olive married —— Odom, and to them was born Billie B. Odom, and at the time of this action Olive had married Robert Thompson. Prior to the death of Ophelia B. Buchanan, her son Will had died, leaving two children, namely, Loleta, who married Frank Davis, and the minor, Milton Buchanan. This suit was brought by the children and grandchildren of Ophelia B. Buchanan by her first marriage against their stepfather, W. M. Buchanan, individually and as independent executor under the will and against the stepchildren of decedent and the children of the marriage of their mother with W. M. Buchanan.

From the averments in the petition it is made to appear that all the heirs at law of Ophelia B. Buchanan, deceased, and all persons named in the will, were before the court. On the matters in controversy between the parties, and brought forward here, the petition alleges, in substance:

"That less than four years from the filing of plaintiff's original petition have elapsed since plaintiffs became aware of the allegations contained in this paragraph [of the petition, paragraph 7], and that they could not by the use of ordinary diligence have learned sooner the true facts as alleged herein."

It is unnecessary to state the contents of the will admitted to probate as no issue is made here as to the validity of the will on account of its form, or any of its provisions. The will makes bequests to each of the contestants, and each contestant alleges and the evidence shows that he or she has not taken or accepted under the will, and that decedent left an estate in which contestant plaintiffs are interested.

Appellants, defendants below, file separate briefs and submit numerous separate and distinct assignments and propositions. The division of parties in briefing might be designated as the Buchanan appellants, and the Thompson appellants, should it be necessary to refer to them separately.

[1] Under the first proposition common to all defendants, the jurisdiction of the district court and of this court is brought in question. The will was probated November 6, 1917, and

no appeal was taken from the order probating the will. The suit to set aside the order probating the will was filed on October 9, 1924. The cause was heard in the county court on July 29, 1925, at which trial it is insisted that certain pleas and exceptions of defendants were sustained, but no such final judgment rendered therein from which an appeal to the district court would lie, said county court not having rendered a final judgment disposing of the merits of the case, no appeal to the district court would lie, and that, by reason thereof, the district court did not obtain jurisdiction by the appeal.

The judgment in the county court, after reciting the service of citation upon each of the contestee defendants, states:

"And then came on to be heard the defendants W. M. Buchanan and Orville Buchanan's plea in abatement as contained in their answer herein filed, * * * in which it is alleged that the plaintiffs' action is one seeking to set aside and annul the previous orders of this court wherein the will of Ophelia B. Buchanan was admitted to probate more than four years prior to the filing of the plaintiffs' original petition in this cause; and came on to be heard the special exceptions of the defendants Mrs. Robert Thompson (formerly Mrs. Olive Odom) and her husband, Robert Thompson, and Billy B. Odom, through Mrs. Robert Thompson, his next friend, as contained in their answer herein filed on the 3d day of November, 1924; and after the argument of counsel, it appearing to the court that this suit is one contesting the will of one Ophelia B. Buchanan (then reciting other matters not necessary to state, the judgment proceeds), it is, therefore, the opinion of this court that the defendants W. M. and Orville Buchanan's plea in abatement should be sustained, more than four years having elapsed after the said Ophelia B. Buchanan's will was probated before this action was filed, and that the special exception No. 1 of the defendant Mrs. Robert Thompson (as above, failure to make parties) be sustained (stating reasons for sustaining the exception, purchasers of property of the estate not made parties), and the plaintiffs now here refuse to make said purchasers parties, and the court finds that they are necessary parties to this action; and that the special exception No. 4 of the answer of the defendants (the Thompson defendants, statute of limitation of four years) should be sustained. * * * It is therefore ordered, adjudged, and decreed by the court that the plaintiffs take nothing by their contest and that the defendants go hence without day, and that they recover of the plaintiffs their costs in this behalf. To all of which the plaintiffs in open court excepted and gave notice of appeal to the district court of Dallas county, Tex., for the Fourteenth judicial district of Texas."

The court, by order, fixed the appeal bond. The county court did not try the case on its merits, and made no order dismissing the case on sustaining the plea and exceptions, and the plaintiffs, refusing to amend or make parties, but entered judgment as above that plaintiffs take nothing by their contest and that defendants go hence without day. The

appeal was taken from the judgment as above to the district court, the appeal perfected, and the district court entertained jurisdiction and tried the case on its merits, from which district court judgment this appeal is prosecuted.

The plea and the exceptions having been sustained, and, there having been no trial on the merits, the county court judgment should have been one of dismissal, thus finally disposing of the cause, had there been no leave to amend, and no amendment to the petition made and had. The court concluded to finally dispose of the case on his ruling on the plea and exceptions. The rulings of the court on the plea and exception were, at that time, interlocutory; were not "the awarding of the judicial consequences which the law attaches to facts." Hanks v. Thompson, 5 Tex. 6; Bradshaw v. Davis, 8 Tex. 344; Texas Land & Loan Co. et al. v. Winter, 93 Tex. 560, 57 S. W. 39.

With no rulings except those sustaining the plea and exceptions, there would be no final judgment, and the case left in suspense, depending upon such order as the court might thereafter make.

The question presented here is not a question of the correctness of the court's ruling on the plea and exceptions, nor what order should have been entered, but whether the court entered such final order, judgment, or decree, from which an appeal would lie. The judgment entered, though not such as would follow on the court's ruling on the plea and exceptions, is a final judgment from which an appeal would lie.

[2-4] On matters arising on the trial in the district court many questions are presented. In the Thompson defendants' original, and the Buchanan defendants' amended, answer, on which the case was tried in the district court, all defendants pleaded by exceptions the statute of limitation of four years (Rev. St. 1925, art. 5534) to plaintiffs' cause of action. We have not found in the record any action of the district court on any exception in the answers of any of the defendants. Defendants in the district court preferred to submit the issue of limitation of plaintiffs' cause of action by their exceptions to plaintiffs' petition rather than by plea. This they could do. To make the exceptions available in the district court, and on assignments of error in this court on the issue of limitation, defendants should have invoked the action of the district court on their exceptions. In Buchanan defendants' argument, it is said:

"Appellants raised the issue of limitations by special pleas, special exceptions, requested charges, and by peremptory charge, * * * and in motion for new trial."

But defendants do not point to the record where the issue of limitation is presented, or any action of the court on any plea or exception presenting limitation, and after diligent search of the record we have found no plea in the amended answer submitting limitation; the issue is submitted by exceptions, and the record shows no action of the court on any exception. Exceptions not called to the trial court's attention for action, and upon which no action was taken, presents no issue here. Such exceptions are deemed waived. Alderete v. Cabello (Tex. Civ. App.) 278 S. W. 950; Gray v. Powell (Tex. Civ. App.) 282 S. W. 631; City of Abilene v. Reed (Tex. Civ. App.) 294 S. W. 913; Ullman, Stern & Krausse v. Rogers (Tex. Civ. App.) 288 S. W. 1109.

The judgment entry ought to be made to affirmatively show that an exception as such was acted upon by the trial court, and in this case it should be made to appear that the trial court overruled the exception to the petition submitting the matter of limitation. Broussard v. Sabine & E. T. R. Co., 75 Tex. 702, 13 S. W. 68.

[5-7] The ruling is uniform that an exception to the petition not called to the attention of the trial court, and upon which the court has made no affirmative ruling, is waived and cannot be made the basis of an assignment of error. But, regardless of the above, plaintiffs' petition alleged, and the undisputed evidence shows, that at the time of the death of the testatrix, and at the time the will was probated, plaintiffs Loleta Davis and Milton Buchanan were minors, and that the action was brought while Milton was still a minor, and a little more than one year after Loleta Davis had become of age and married. All persons named in the will are necessary parties in an action to set aside the probate of a will, and the period within which an action must be brought does not begin until the removal of disability. Kopperl et al. v. Sterling (Tex. Civ. App.) 241 S. W. 553, in which Judge Graves of the Galveston court fully discusses the articles of the statute applicable here and concludes that an heir who was a minor was not affected by the limitation statute (writ denied). In Stephens et al. v. Leatherwood et al. (Tex. Civ. App.) 295 S. W. 236, Judge Gallagher of the Waco court, in discussing article 5534, R. S. 1925, says:

"If any person entitled to bring such action [contest the probate of a will] be a married woman at the time the cause of action accrues, she shall have the same time after the removal of her disability that is allowed to others."

It follows from the above that the court was not in error in refusing to give the peremptory charge, requested by defendants, instructing a verdict for defendants, because of limitation of four years, as complained of under the eighth assignment. The court instructed the jury as follows:

"Gentlemen of the jury, the court instructs you that the instrument in controversy was executed by the testatrix, Ophelia B. Buchanan, upon the 3d day of August, A. D. 1917, and that

all legal formalities were complied with. For your guidance, the following definitions are given you: By 'testamentary capacity' is meant that the person making the will must, at the time the will is executed, have sufficient ability to understand the business in which she is engaged, the effect of her acts in making the will, the capacity to know the objects of her bounty, and their claim upon her, and the general nature of her property.

"You are further instructed that 'undue influence,' as used in connection with the execution of wills, and for your guidance in this case, is an influence exerted upon the testatrix, which compels her to do that which is against her will, from a desire for peace, or because of weakness, or from some feeling which she is unable to resist.

"To constitute undue influence it is not necessary that any overt act or acts of influence be exercised at the very time the will is executed, but it is necessary that, through the existence of an influence previously exerted and which is operating upon the testatrix at the time the will is executed, her free agency at that time is destroyed and an instrument results which does not represent the wishes of the testatrix, but represents the wishes of the person exercising the influence.

"Bearing in mind the foregoing instructions, you will answer the following questions:

"(1) Did Ophelia B. Buchanan, at the time she executed the instrument in writing bearing date August 3, A. D. 1917, witnessed by A. Vern Works and Wm. M. Jones, have testamentary capacity, as that term has been defined? Answer yes or no on the line below. Answer: ———.

"(2) Was the instrument referred to in issue No. 1, procured through undue influence, if any, exerted upon Ophelia B. Buchanan by W. M. Buchanan, as the term 'undue influence' has been heretofore defined? Answer 'Yes' or 'No' on the line below.. Answer: ———.

"Either or both issues numbered 1 and 2 may be established or disproved by either direct or circumstantial evidence."

The court directed that the burden of proof would be on plaintiffs on each of the issues. The court further charged that the jury are the sole and exclusive judges of the facts proved, the credibility of the witness, and the weight to be given to their testimony, but the law they would take from the court in that charge and in such special charges as may be given, if any, and be governed thereby, and as the jury should find, so let their verdict be. The charge was officially signed by the trial judge. On the form and sufficiency of the charge, see Morris v. Morris (Tex. Com. App.) 279 S. W. 806; Skeeters v. Hodges (Tex. Civ. App.) 270 S. W. 912; Adams v. Adams (Tex. Civ. App.) 253 S. W. 605.

Defendants submitted a number of special charges; one to find for defendants "on all of the causes of action asserted by plaintiffs herein; to answer issue No. 1, 'Yes'; to answer issue No. 2, 'No'; that in connection with question No. 1, the burden is on plaintiffs to establish that testatrix, at the time the will was executed, did not have testamentary capacity, and, unless they have done so, the jury would answer, 'No.' If they have done so, the jury would answer 'Yes.'"

Defendants submitted other special charges submitting questions on facts clearly evidentiary. The court refused to submit any of the above-requested special issues. A number of assignments and propositions are presented, suggesting error to the refusal of the court to submit the tendered special charges. While we think the record does not show that the assignments and propositions relating to suggested errors in the court's charge require consideration, we have thought it best to do so and without any intention of fixing a precedent by doing so. All assignments and propositions complaining of the court's charge and complaining of the court's refusal to submit additional tendered special charges have been considered, and without discussing them severally, they present no reversible error, and are overruled.

[8-13] Several assignments, presented as propositions, and propositions, insist that the evidence is wholly insufficient to sustain the findings of the jury on the two issues submitted by the court on want of mental capacity to make a will, and undue influence. We have carefully reviewed the 180 pages of the record stating the evidence. The evidence is clearly sufficient, we think, to require that each of the two issues be submitted to the jury. It is not within the province of the appellate court to compare the probative force of the evidence of the opposing sides. The evidence in the record must be considered most favorably for the plaintiffs from the position they have assumed as to the mental condition of the testatrix, and the undue influence, if any shown, in making the will. The inquiry is: Is there any evidence in the record upon which the jury would have been justified in finding as it did? Barron v. H. E. & W. T. R. Co. (Tex. Com. App.) 249 S. W. 825. In considering the question of the sufficiency of the evidence to sustain the jury's findings, we must consider, as the jury could and evidently did, all the evidence, direct or circumstantial, favorable to plaintiffs' contention, discarding all evidence to the contrary. No question of preponderance of the evidence is involved. Connor v. Crain (Tex. Civ. App.) 289 S. W. 712. Issues of fact are for the jury, unless the evidence is such that minds of reasonable men could not differ on the deductions to be drawn therefrom. Dunlap v. Oak Cliff Pharmacy Co. (Tex. Civ. App.) 288 S. W. 236 (writ refused). Without quoting at length from the evidence, the record discloses beyond controversy that at the time the will was executed Mrs. Ophelia B. Buchanan, the testatrix, was both aged and infirm, eaten with cancer, and in the very end of the stage of that disease, suffering great pain, except when quieted by drugs, her mind weak, and her memory defective; that

she had recently on several occasions declared her love for all of her children; that under no circumstances would she make such will as the evidence shows she made; that her husband was continually nagging at her to make such will; that the will made left the bulk of her large estate to her second husband and after him to his children, practically disinheriting decedent's children and their descendants by her first marriage; that the principal beneficiary, the stepfather, was on unfriendly terms with at least some of his stepchildren, and had secured the making of a will by decedent, if not its terms; that for many years decedent had declared her intention of making her will dividing her property between her children and their descendants. In determining the issues of mental capacity and undue influence,. wide latitude is allowed both contestants and proponents, the circumstances of any probative value being admissible.

[14, 15] The weight and the value of circumstances admitted in evidence in a will contest and having probative force is for the jury. Declarations of a decedent, showing a fixed intention contrary to that expressed in a will, uttered within a reasonable time before the making of the will, have probative force, and are admissible on the issues of testamentary capacity and undue influence. Craycroft v. Crawford (Tex. Com. App.) 285 S. W. 275; Scott v. Townsend, 106 Tex. 322, 166 S. W. 1138; Rheinhardt v. Nehring (Tex. Com. App.) 291 S. W. 873. We see no reason for a holding by this court that the minds of reasonable men would differ from the conclusion reached by the jury on each of the findings. All assignments and propositions suggesting the want of sufficient evidence to sustain the jury's findings are overruled.

[16] Some propositions complain of the court's refusal to withdraw oral and deposition evidence as to what the witnesses heard testatrix say her husband on various occasions had tried to get her to sign a will, had nagged at her to do so, and that she had refused, and that, if she signed a will, she would be out of her right mind, and that she was afraid she would get weaker and weaker, and that she would finally sign it, and that, if she did, she would be out of her right mind. It seems to be well settled that declarations of a decedent, made within a reasonable time before the execution of the will, showing a fixed intention contrary to that expressed in the will, are competent testimony on the questions of incapacity and undue influence. Craycroft v. Crawford, and Scott v. Townsend, supra.

Many of the assignments and propositions not specially discussed are ruled by those discussed and we need not pass upon them severally. We have carefully reviewed the entire record, and in our opinion it presents no reversible error.

Points not discussed have been considered and overruled.

The case is affirmed.

### On Motion for Rehearing.

In our opinion we said that defendants in the district court preferred to submit the issue of the four years' statute of limitation of plaintiff's cause of action by their exceptions to plaintiffs' petition rather than by plea, and that we had found no plea of limitation in the answer. In this we were in error. The answer contains a plea of the statute of limitation of four years to plaintiffs' cause of action. We were looking more to appellants' motion for a new trial in the district court for errors assigned than to the answer itself. In their motion for new trial in the district court appellants referred to their plea of limitations as "defendants' special plea or special exception," and "special plea in bar or special exception." However, in the opinion, regardless of whether the errors assigned were to the action of the court on the plea, exceptions, or refusal to charge on the pleaded issue of limitation, we expressed our view of the law, which, in our judgment, rules the issue of limitation pleaded.

With the above correction, made at the insistence of appellants, the motions of appellants for rehearing are overruled.