**CROOK et al. v. STUDDARD.**

No. 5063.

Court of Civil Appeals of Texas.
Texarkana.

Feb. 2, 1937.

Rehearing Denied Feb. 11, 1937.

Tom F. Coleman and R. T. Jones, both of Henderson, and T. Jay Foster, of Lufkin, for appellants.

Brachfield & Wolfe and W. M. Futch, all of Henderson, for appellee.

SELLERS, Justice.

This suit is a contest to the probating of the last will of Henry Studdard brought by Mrs. Kate Crook and other heirs of Henry Studdard against Mrs. Mollie Studdard, the wife of Henry Studdard and the beneficiary under the will. The contest alleges that Henry Studdard was of unsound mind at the time the will was executed. The case was tried in the county court and on appeal in the district court, both trials resulting in a judgment admitting the will to probate. From the district court judgment the contestants have appealed to this court.

The appeal involves the sufficiency of the evidence to support the jury finding that Henry Studdard was of sound mind when the will was executed. We quote from a few of many witnesses who testified for appellee. Dr. White, the family doctor of the Studdards, testified:

"Q. Your name is Dr. W. P. White? A. Yes, sir."

"Mr. Coleman: We agree Doctor White is a reputable practicing doctor and is competent to pass on the mental condition of Henry Studdard."

"Judge Brachfield: Did you know Henry Studdard during his lifetime? A. Yes, sir.

"Q. Ever prescribe medicine for him? A. Yes, sir.

"Q. Did you see him professionally in the year 1931? A. Yes, sir.

"Q. From your examination of him and your opinion—in 1932 and 1933 you saw him several times in your office? A. Yes, sir.

"Q. With your medical experience and with your examination of Henry Studdard what would you say was his mental condition as to whether or not he was in a condition to tend to business in 1931, 1932 and 1933? A. I think he was competent."

Ben Thomason, cashier of the Citizens Bank, where Henry Studdard transacted his business, testified:

"Q. Did you know Mr. Henry Studdard during the year 1933? A. Yes, sir.

"Q. 1933? A. Yes, sir.

"Q. And up to his death in 1934? A. Yes, sir.

"Q. He did business with your bank? A. Yes, sir.

"Q. Mr. Thomason, was he a depositor of your bank? A. Yes, sir.

"Q. Did he come in there frequently or just occasionally? A. Occasionally, not very often.

"Q. Did he come in there at any time by himself or was he always with some one? A. He has been in there by himself, usually with Mrs. Studdard.

"Q. Did you ever discuss any business matters with him? A. Yes, sir.

"Q. In your opinion from January, 1932, until the time of his death, in your opinion, was he sane or insane, sound mind or

unsound mind? A. He was of sound mind in my opinion."

Dr. J. G. Sadler, the family physician and a witness to the will, testified by deposition: "That on the 20th day of February, 1932, he was present and saw Henry Studdard sign the instrument in writing filed in this court on the 25th day of Sept. 1934, and now shown to him bearing date of the 20th day of February, 1932, and purporting to be the last will of him, the said Henry Studdard, and heard him publish and declare the same to be his last will and testament; that at the time of signing and publishing the same, the said Henry Studdard was over twenty-one years of age, and of sound mind; that this affiant and W. M. Futch, whose signatures appear on said instrument on the said 20th day of February, 1932, then being credible witnesses above the age of fourteen years, subscribed their names as witnesses to the same, in the presence and at the request of the said Testator, and in the presence of each other. That the said instrument is duly signed by the said Henry Studdard, and duly attested by said witnesses."

 It will be observed that the witnesses who gave the above evidence knew Henry Studdard and had occasion and opportunity of observing him at the very time the will was executed. It appears that it was more than two years after the will was executed that he died. In the light of these facts, together with the record as a whole, it is our opinion that we would not be justified in holding that there is no evidence of probative force which will sustain the jury's verdict that Henry Studdard was of sound mind when the will was executed. Having concluded that there is evidence sufficient to make an issue for the jury, the question of the preponderance of the evidence is for the jury and not the appellate court. The sufficiency of the evidence to support a jury's verdict is always dependent upon the facts of the particular case, and precedent is of very little value, but there are a number of well-established rules to be considered in passing upon such question. These rules are ably expressed in the case of Buchanan et al. v. Davis et al. (Tex.Civ.App.) 300 S.W. 985, and we need not repeat them here.

Appellants' third assignment of error is as follows: "The trial court erred, to the prejudice of appellants in admitting over appellants' objection, the pleadings in another and different suit, styled Richards and others vs. H. B. Studdard since the pleadings in that suit were wholly unrelated to, and had no connection with the matters at issue in this suit, it being a suit by some of the Studdard heirs to recover a small excess in lands it was claimed belonged undividedly to the Studdard Estate; that is, to the Estate from whence Henry Studdard inherited the lands disposed of by his purported will. This is an especially grievous error, in that it was offered as a probable reason why Henry Studdard disinherited or undertook to disinherit all of his Studdard kinsmen, and adverse counsel was permitted to so argue the testimony to the jury."

We cannot tell from this assignment what objection, if any, the appellants made to the evidence offered, and for that reason the assignment presents nothing for our consideration.

The judgment is affirmed.