James C. BRADY, Appellant,

v.

**ARIZONA MINERALS CORPORATION,**
Appellee.

No. 3576.

Court of Civil Appeals of Texas.

Eastland.

March 10, 1961.

Rehearing Denied March 31, 1961.

William J. Salyer, San Antonio, for appellant.

Albert M. McNeel, Jr., San Antonio, for appellee.

GRISSOM, Chief Justice.

Arizona Minerals Corporation sued James C. Brady on a promissory note. Brady executed the note to the plaintiff for minerals used in his water softeners. He alleged failure of consideration as a defense to the note and by cross action sought to recover the money he had paid. He alleged the minerals were not of the size and uniformity represented by plaintiff and that they escaped from defendant's water softeners; that the representations made by plaintiff relative to the size and uniformity of the minerals were fraudulently made for the purpose of inducing him to purchase said minerals and pay a certain amount of cash and execute said note and that by such representations the plaintiff fraudulently induced him to pay money and execute the note and that upon discovering the fraud defendant rescinded the contract and tendered the remaining minerals to plaintiff.

A jury found that (1) Brady relied upon plaintiff's representations relative to the size

and uniformity of the minerals; that (2) they were a material inducement to his purchase and that (4) the percentage of loss of minerals was ten percent. But, the jury found (3) that the representations were not false. In connection with issue 3 the court instructed the jury that a false representation is one made contrary to the facts, by a person with knowledge, and "made with intent to deceive" and that the person to whom they are made must believe same and act thereon. While the court was reading the charge to the jury, the defendant orally objected to the inclusion in said instruction of the words "made with intent to deceive". The objection was overruled. Judgment was rendered for the plaintiff and Brady has appealed.

Appellant's sole ground for reversal is the failure of the court to eliminate said words from the instruction given in connection with issue 3. Appellant made no written objection to the instruction. He dictated none to the court reporter. Texas Rules of Civil Procedure, rule 272 requires that an objection to the charge be presented to the court "in writing" before it is read to the jury and that "all objections not so made and presented shall be considered as waived". It provides, however, that if such objections are dictated to the court reporter in the presence of and with the consent of the court and opposing counsel, before the charge is read to the jury, and such objections are subsequently transcribed that this shall be a sufficient compliance with the requirement that objections be in writing. Since said words in the instruction, which is the only ground asserted for reversal, were not objected to in writing and no objection was dictated to the court reporter, as required by said rule, the objection was waived. Allen v. Matthews, Tex.Civ.App., 210 S.W.2d 849, 852, (Ref. N.R.E.); Preston State Bank v. National Union Fire Insurance Company, Tex.Civ.App., 320 S.W.2d 184, 188.

The judgment is affirmed.