**STELL v. SALTERS et al.**

No. 3235.

Court of Civil Appeals of Texas. El Paso.
June 6, 1935.

Rehearing Denied June 27, 1935.

Edgar Wright and F. D. Wear, both of Paris, for appellant.

John F. Sturgeon, of Pampa, and Sturgeon, Hudson & Sturgeon and M. D. Emerson, all of Paris, for appellees.

HIGGINS, Justice.

This case is a contest over the validity of the will of J. W. Finley, deceased. Upon the jury's finding that the deceased was mentally incompetent upon the date of the will, judgment was rendered setting aside the previous order of the probate court admitting the same to probate and decreeing the invalidity of such will. From such judgment, J. W. Stell, administrator of the estate of Martha A. Finley, deceased, appeals.

J. W. Finley died in 1925 at the age of 77. He had no children. His first wife died in 1913. On December 24, 1914, he married his second wife. The will in question was executed February 16, 1916, when the testator was about 68 years old. By its terms $1,000 was bequeathed in trust for the benefit of Willard Farmer, a minor; another trust of $500 was created to care for the graves of the testator and his wives. The balance of the estate was given to the wife, Martha A. Finley, who was appointed independent executrix without bond, and who qualified as such. Mrs.

Finley died, and thereafter this suit was brought by heirs at law of J. W. Finley.

Appellant asserts the jury's finding is so contrary to the overwhelming weight of the evidence that it should be set aside. Complaint is also made of argument of counsel for contestants and certain "side-bar" remarks.

■ It is the duty of the appellate court to set aside a verdict which is against the great preponderance of the evidence, is clearly wrong, and manifestly unjust. The courts of this state have always been cautious in the exercise of this authority, but in proper cases they have not hesitated to do so.

The tendency of juries to set aside wills which exclude blood relatives from participation in the distribution of the estate of the testator is well known to the bench and bar. Huffnagle v. Pauley (Mo. Sup.) 219 S. W. 373; McCannon v. McCannon (Tex. Civ. App.) 2 S.W.(2d) 942.

Juries, in such cases, are disposed to think they are better qualified than the testator to make a proper disposition of the estate and make findings accordingly.

■ In this case the will operated to divert the bulk of Finley's estate from Finley's blood relatives to those of Mrs. Finley. A man or woman in this state has the absolute right to dispose of their property by will as they see fit. Stolle v. Kanetzky (Tex. Civ. App.) 220 S. W. 557. Such right is not to be defeated by adverse findings of juries upon the issue of testamentary capacity based upon evidence which does not fairly support such findings. In re Bartels' Estate (Tex. Civ. App.) 164 S. W. 859; Taylor v. Small (Tex. Civ. App.) 71 S.W.(2d) 895.

In the present case, the disposition by Finley of his estate was not unnatural. He had no children and left the bulk of his estate to his wife. This was a perfectly natural disposition. Morris v. Morris (Tex. Civ. App.) 268 S. W. 187; Id. (Tex. Com. App.) 279 S. W. 806.

■ Numerous nonexpert witnesses for contestee testified the testator was of sound mind. A number of witnesses testified in behalf of contestants to trivial matters. No delusions or any peculiarities were shown from which mental unsoundness could be reasonably inferred. Contestants' witnesses, Frank Farmer, Ed. Buford and wife, testified that in their opinion Finley was of unsound mind, but the facts upon which they based such conclusion were, in our opinion, wholly insufficient to support the same. There was also evidence that Finley suffered from a physical ailment, but there is nothing to suggest it affected his mind.

The entire evidence in this case has been examined carefully and the conclusion reached that the adverse finding upon the issue of testamentary capacity is so contrary to the great weight of the evidence as to be clearly wrong, manifestly unjust, and should be set aside.

■ We are of the further opinion some of the argument and a side-bar remark of counsel was improper. We refer particularly to the following:

"But seriously, you have it in your power this morning, or today when you go to your jury room to right a great wrong."

"Counsel for Defendants: We object, an improper argument, not authorized by the Court's charge and contrary to the charge.

"The Court: That could be a matter of argument for counsel. I'll overrule the objection.

"Counsel for Defendants: We except.

"Mr. Emerson: Is there nothing else, I know that is a sort spot.

"Counsel for Defendants: We object to the side bar remarks of counsel, it is not proper, telling the jury that that is a sore spot.

"The Court: Go ahead with the argument.

"Mr. Emerson: I'll say it again, you have it in your power to right a great wrong. In my opinion it is a great wrong, I do not suppose that opposing counsel think so, but I am not interested in what he thinks, I am interested in what the jury thinks.

"The Court: I believe, before you proceed further that I'll instruct the jury not to consider the argument of Mr. Emerson that the jury have the power to right a great wrong. I admitted the argument, but after deliberation I do not think it is proper, and I instruct the jury not to consider the argument that they have the power to right a great wrong.

"Mr. Emerson: All right, gentlemen, you will not consider that argument. I'll state to you now that the proposition before this jury is the question submitted to you by the court in his charge."

There was no wrong to be corrected. The argument was a subtle appeal to the jury to find the testator mentally incompetent, thereby restoring the estate to the blood relatives.

The argument was not warranted by the evidence, and it may seriously be doubted if its harmful tendency was eradicated by the court's instruction to disregard same.

Reversed and remanded.